OPINION
{¶ 1} Vernon D. Jenkins appeals from the trial court's decision and entry revoking his community control and ordering him to serve twelve months in prison for a forgery conviction.
 {¶ 2} In his sole assignment of error, Jenkins contends the trial court abused its discretion by revoking community control "without proof of a substantial nature."
 {¶ 3} The record reflects that Jenkins entered a guilty plea to one count of fifth-degree felony forgery as part of a plea agreement. The trial court sentenced him three years of community control. Thereafter, the State filed a notice alleging that Jenkins had violated the conditions of his community control. The trial court held a revocation hearing and agreed. It revoked Jenkins' community control and sentenced him to twelve months in prison. This timely appeal followed.
 {¶ 4} Having reviewed the record, we note that Jenkins was transported to the Ohio Department of Corrections within days of the trial court's revocation order. The record contains nothing indicating that Jenkins ever requested or received a stay of his twelve-month sentence. The record also reflects that his release date was set for January 7, 2006, due to prior jail-time credit. Therefore, based on our review of the record, Jenkins already has completed his twelve-month sentence.
 {¶ 5} The State, however, informs us that Jenkins was convicted subsequently in a separate indictment for gross sexual imposition and in the event appellant's revocation in the forgery case is reversed by this court he will be entitled to apply the forty-four days of jail time credit on the forgery charge to the gross sexual imposition sentence. The State, therefore, concedes this appeal is not moot.
 {¶ 6} As noted earlier, the underlying conviction which resulted in the grant of community control to Jenkins was a forgery conviction. On May 6, 2004 the court sentenced Jenkins to a term of three (3) years community control and imposed financial sanctions which consisted of the following: (1) pay restitution in the amount of $713.34 (payable in $50.00 per week installments) and pay a $300.00 fine. (Id.).
 {¶ 7} On May 6, 2004, Jenkins reported to the probation department and was advised of what rules he was required to follow while on community control/probation. (See generally,
Conditions of Supervision). Relevant to the instant appeal are the following probation rules which Jenkins was required to adhere:
 {¶ 8} "I will obey federal, state and local laws . . . (Conditions of Supervision ¶ 1).
 {¶ 9} "I will always keep my supervising officer informed of my residence and place of employment. I will obtain permission from my supervising officer before changing my residence or my employment. (Id, ¶ 2).
 {¶ 10} "I agree not to associate with persons having a criminal background and/or persons who may have gang affiliation, or who could influence me to engage in criminal activity, without the prior permission of my supervising officer." (Id, at ¶ 11).
 {¶ 11} On March 9, 2005, the State filed a motion with the court contending that Jenkins had violated the terms of his community control sanction. Specifically, the State contended that Jenkins had violated three conditions of his supervision, to wit: (1) that Mr. Jenkins allegedly violated Rule 1 by admitting to fondling a child, (2) that Mr. Jenkins allegedly violated Rule 2 by changing his residence without first obtaining permission and that (3) Mr. Jenkins allegedly failed to make restitution payments as Court ordered in violation of Rule 15. (Id.).
 {¶ 12} At the April 22, 2005 revocation hearing, State Parole Officer Anthony Barrett testified that Jenkins admitted fondling a twelve-year old child some three years earlier. (T. 6). Barrett also testified that Jenkins moved his residence without getting his permission in violation of conditions of his community control. He admitted, however, that Jenkins told him he moved from his cousin's home when a convicted felon moved into the house and that Jenkins did the right thing in moving. Barrett said Jenkins reported the move to him a few days after the move at his next scheduled appointment with Barrett. (T. 19). Barrett also testified that there was a remaining balance of $1,603.84 on the obligation to pay fines, restitution, and costs.
 {¶ 13} Barrett said Jenkins was employed for a while and made some payments but stopped making them after a time. Barrett said Jenkins told him he had "some kind of medical problem." (T. 14). Barrett said he advised Jenkins to make an honest effort to seek employment. Barrett said Jenkins told him he had some back problems and was finding it difficult to find a job.
 {¶ 14} Jenkins did not testify at the revocation hearing. The trial court concluded that there was probable cause to find a "supervision" violation. The trial court then sentenced Jenkins to the original sentence of twelve months which Jenkins served.
 {¶ 15} In his first assignment, Jenkins contends the trial court abused its discretion in revoking Jenkins' community control without proof of "substantial nature." We agree there was no evidence that Jenkins violated any federal, state or local law after he was placed on community control. Condition (1) refers to future behavior not past behavior. It may be that the trial court would not have placed Jenkins on community control had it known of Jenkins' sexual abuse of a twelve-year old child three years previous to the forgery charge, but that conduct was not a violation of a condition of his community control. Secondly, we agree Jenkins' conduct in moving out of a residence where a convicted felon resided without first informing Barrett was at best a "technical" violation. Lastly, the State produced evidence that Jenkins failed to pay the restitution, fines, and costs related to his forgery conviction. Once the State proved this fact, the burden shifted to Jenkins to demonstrate why he did not do so. He offered no evidence that he made a good faith effort to pay the restitution, fines, and costs required of him. State v.Woods (1982), 7 Ohio App.3d 81, 82. The assignment of error is Sustained in part. We reverse and remand this matter to the trial court because we do not know whether the trial court would revoke Jenkins' community control for the single violation. If it decides not to do so, Jenkins should be credited with forty-four days of pre-trial confinement in the subsequent criminal conviction in the sexual abuse matter.
 . . . . . . . . . . .
Wolff, J., and Fain, J., concur.