[Cite as *State v. Cozzone*, 2018-Ohio-2249.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-G-0141** |
| - vs - | : | |
| MADISON K. COZZONE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 2012 C 000154.

Judgment: Affirmed in part and reversed in part; remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Christopher J. Joyce*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Anthony J. Bondra*, 1414 South Green Road, Suite 310, Cleveland, OH 44121 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   Appellant, Madison K. Cozzone, appeals from the October 17, 2017 order of the Geauga County Court of Common Pleas.  Appellant raises issues pertaining to her sentence.  For the following reasons, the trial court's judgment is affirmed in part and reversed in part, and the matter is remanded for resentencing.

{¶2}   Appellant was previously employed as a pharmacy technician in a supermarket pharmacy.  After the pharmacy received complaints from customers

indicating their prescriptions for various strengths of Oxycodone/APAP did not contain the full amount of prescribed medication, the pharmacy surveillance footage was reviewed. The footage showed appellant tampering with customer prescriptions on September 27, October 8, and October 17, 2012. Appellant was questioned regarding the incidents and admitted to stealing Oxycodone/APAP and Xanax from customer prescriptions.

{¶3} On December 7, 2012, appellant was indicted on three counts of Theft of Drugs, fourth-degree felonies in violation of R.C. 2913.02(A)(1) and (B)(6), and one count of Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a). Appellant entered a plea of not guilty.

{¶4} On March 28, 2013, appellant filed a motion requesting intervention in lieu of conviction. A hearing was held, and the court found appellant met the eligibility requirements and granted her motion pursuant to R.C. 2951.041. The court accepted appellant's guilty plea, found her guilty, and stayed all criminal proceedings against her. Appellant was ordered to serve three years of rehabilitation pursuant to her intervention plan and to comply with the conditions outlined by the court. The court notified appellant that she could be sentenced for a violation of intervention to 18 months in prison on each of Count 1, Count 2, and Count 3 and 12 months in prison on Count 4. The trial court stated Count 3 and Count 4 would merge for purposes of sentencing and also notified appellant regarding post-release control.

{¶5} On January 9, 2015, the Adult Probation Department filed a petition alleging appellant had violated the conditions of her intervention. Appellant had failed to report to her Supervising Officer on December 10, December 17, and December 31, 2014; failed to verify her chemical dependency treatment; and tested positive for opiates on December

2

19 and December 24, 2014. At a hearing on the petition, appellant admitted to the violations. The trial court ordered a presentence investigation report ("PSI").

{¶6} On July 10, 2015, the trial court sentenced appellant to a total of three years of community control sanctions. Appellant was ordered to serve six months of residential sanctions in the Geauga County Safety Center and up to six months in the NorthEast Ohio Community Alternative Program ("NEOCAP") with the balance of community control to be served as nonresidential sanctions. Appellant was further ordered to pay a fine and costs. The trial court notified appellant she faced a potential prison term of 66 months for a violation of community control sanctions.

{¶7} After a review hearing, appellant was released from NEOCAP on January 14, 2016, and the trial court suspended her remaining period of incarceration in the Geauga County Safety Center.

{¶8} On July 26, 2016, the Adult Probation Department filed a petition alleging appellant had violated the conditions of her community control. Appellant had overdosed on heroin on July 22, 2016. Appellant admitted to the violation at a hearing on the petition. Appellant was ordered to remain in the Geauga County Safety Center. The hearing was continued for appellant to be interviewed by a physician and later resumed on October 3, 2016. The trial court modified and extended appellant's community control for a total period of five years under the same conditions imposed in its July 10, 2015 entry with the added condition that appellant would participate in the Lake-Geauga Recovery Centers' alcohol and drug program and follow all recommendations.

{¶9} On May 16, 2017, the Adult Probation Department filed another petition alleging appellant had violated the conditions of community control. Appellant had overdosed on heroin on May 12, 2017.

{¶10} On October 5, 2017, appellant filed a mitigation packet, including opioid treatment progress reports, medical records, an employment letter, and personal letters from appellant's family and friends.

{¶11} A hearing on the Adult Probation Department's petition was held on October 6, 2017. Appellant admitted to the community control violation. After finding appellant had violated her community control sanctions, the trial court merged Count 4 with Count 3 and sentenced appellant to a prison term of 18 months on each of Count 1, Count 2, and Count 3 to be served consecutively for a total prison term of 54 months with 380 days of jail-time credit. Regarding the imposition of consecutive sentences, the trial court stated the following at the hearing:

> I do find that consecutive service is necessary to protect the public from future crime on the part of this defendant and to punish this defendant. I also find that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger she poses to the public.
>
> And people may want to say, well, she's not hurting the public. Yes, she is. At the very least, again, she is stealing medication belonging to somebody else.
>
> And each call on an overdose where the emergency squads get to come and treat her is another time that that squad's unavailable to somebody who has a medical need that this defendant has chosen, albeit unwittingly because of addiction, to utilize those services for herself. So the public does need protection from her conduct.
>
> And certainly her history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by her.

Appellant was notified of post-release control and the consequences for violating post-release control. The trial court further invited the parties to submit, after the sentence was journalized, written arguments addressing whether the amendments to R.C. 2929.15 were applicable to appellant's case.

{¶12} The trial court's sentencing entry was filed October 17, 2017. The sentencing entry states:

> Pursuant to R.C. §2929.14(C)(4), the Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that pursuant to §R.C. 2929.14(C)(4)(a), the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or R.C. 2929.18 of the Revised Code, or was under post-release control for a prior offense, and pursuant to R.C. 2929.14(C)(4)(c), the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

We note the finding under R.C. 2929.14(C)(4)(a) included in the sentencing entry was not made at the sentencing hearing.

{¶13} On October 24, 2017, appellant filed a motion for reconsideration of her sentence in response to the trial court's invitation to brief the issue of the applicability of R.C. 2929.15. Appellant maintained that under newly enacted R.C. 2929.15(B)(1)(c), the maximum prison term that could be imposed for a "technical" community control violation on a theft-related fourth-degree felony was 180 days per case. The state filed a response, arguing appellant's violation of community control was not "technical" in nature. On November 16, 2017, the trial court overruled appellant's motion, noting Ohio law does not provide for the filing of motions for reconsideration of sentences.

{¶14} Appellant noticed a timely appeal from the trial court's October 17, 2017 sentencing entry.

{¶15} Appellant asserts three assignments of error on appeal. They state:

[1.] The sentence imposed was not supported by the record and was contrary to law.

[2.] The imposition of maximum consecutive sentences was not supported by the record and it is contrary to law.

[3.] The trial court erred by not following the mandates of R.C. 2929.15.

{¶16} Under appellant's first assignment of error, she argues her sentence is not supported by the record and is contrary to law because the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.

{¶17} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶18} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-

6

7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law"'" only if the appellate court clearly and convincingly finds that the record does not support the sentence. *Id.* at ¶18, quoting *Price*, *supra*, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶19} Appellant could have received a prison term of 18 months on each of Count 1, Count 2, and Count 3. *See* R.C. 2913.02(B)(6) and R.C. 2929.14(A)(4). Therefore, after merging Count 4 with Count 3, the trial court's imposition of a prison term of 18 months on each of Count 1, Count 2, and Count 3 is within the statutory range. The trial court did not explicitly state it considered R.C. 2929.11 and R.C. 2929.12 when it imposed appellant's sentence; however, we presume a trial court considered R.C. 2929.11 and R.C. 2929.12 from a silent record. *State v. Foster*, 11th Dist. Portage No. 2011-P-0087, 2012-Ohio-3744, ¶9.

{¶20} To ensure the sentence complies with the overriding principles of felony sentencing as stated in R.C. 2929.11, a court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12. The trial court, however, "is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12.)'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000); *see also State v. O'Neil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34. Further, the "trial

court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶21} Prior to imposing sentence, the trial court stated it had reviewed the mitigation packet provided by appellant's counsel. The trial court also heard from a representative of the Lake-Geauga Recovery Centers. The trial court heard from the prosecutor, who stated: "Your, Honor, in reviewing the history of supervision that was provided to the state * * * I'm at a loss I suppose for what else I can recommend to this Court other than a period of incarceration, more specifically prison." Finally, the trial court reviewed appellant's history of violating community control in the present case. The trial court stated:

> [I]n imposing sentence I have to take into account her conduct. And, again, the overdoses are how she got caught. But since May there has been no reporting. She hasn't shown up once to contact her probation officer. And that's consistent with behavior the Court has seen with this defendant.

{¶22} A prison term was appropriate where appellant continually failed to comply with the reasonable conditions of intervention and community control. Appellant has failed to demonstrate that the trial court did not properly consider and weigh the statutory purposes and principles of felony sentencing or the statutory seriousness and recidivism factors.

{¶23} Appellant's first assignment of error is without merit.

{¶24} Under appellant's second assignment of error, she argues the record does not support the trial court's findings for the imposition of consecutive sentences.

**{¶25}** R.C. 2929.41, which governs multiple sentences, provides, in pertinent part: "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A) (emphasis added).

**{¶26}** Pursuant to R.C. 2929.14(C)(4), a trial court may order separate prison terms for multiple offenses to be served consecutively only if the court finds it "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" The trial court must also find that one of the following statutory factors applies:

> (a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶27}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. The trial court's failure to incorporate its findings in the

9

sentencing entry after making them at the sentencing hearing does not render the sentence contrary to law and can be corrected through a nunc pro tunc entry. *Id.* at ¶30. However, the failure to make the findings at the sentencing hearing renders the sentence contrary to law, and the matter must be remanded for resentencing. *See id.* at ¶36-37. The trial court has no obligation, however, to engage in a "word-for-word recitation" of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record. *Id.* at ¶28-29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶29.

{¶28} Although the trial court made findings necessary to order appellant to serve her sentence consecutively, the finding in the sentencing entry made pursuant to R.C. 2929.14(C)(4)(a), that the offenses were committed while the appellant was awaiting trial or sentencing or was under a sanction or post-release control, was not made by the judge at the sentencing hearing. Further, our record does not support this finding.

{¶29} The trial court also made a finding pursuant to R.C. 2929.14(C)(4)(c) that appellant's "history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender." This finding was made at both appellant's sentencing hearing and in the trial court's judgment entry of sentence; however, we clearly and convincingly find that the record does not support the finding.

{¶30} At the sentencing hearing, the trial court reviewed the offenses leading to the instant case and appellant's conduct of violating court orders and overdosing on drugs. However, the judge explicitly stated: "I have to note that I am not imposing

sentence for overdoses. I'm not. I'm not imposing sentences for drug use. I'm not." After a review of appellant's PSI, we find appellant's criminal history includes only the offenses charged in the instant case and four minor traffic violations. Appellant has no significant prior criminal history. We, therefore, clearly and convincingly find that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(c) as stated at the sentencing hearing and included in the sentencing entry.

{¶31} Because we clearly and convincingly find that the trial court's findings are not supported by the record, appellant's sentence is contrary to law. The sentence must be reversed and the matter remanded for resentencing.

{¶32} Appellant's second assignment of error has merit.

{¶33} Under her third assignment of error, appellant argues the trial court abused its discretion when it overruled her motion for reconsideration.

{¶34} It is well established that a trial court cannot reconsider a valid final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 120 (8th Dist.1986). A motion for reconsideration of a final judgment in the trial court is a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981). A purported judgment ruling on a motion for reconsideration is likewise a nullity. *Id.* at 381. The trial court's invitation to brief the potential applicability of R.C. 2929.15 to this case does not change the fact that it had already imposed a final judgment of sentence. Accordingly, we will not consider appellant's third assignment of error as it pertains to her motion for reconsideration.

{¶35} We consider appellant's third assignment of error only to the extent she argues her sentence was not imposed in accordance with R.C. 2929.15(B).

11

**{¶36}** Appellant argues her community control violation was "technical" in nature and that, therefore, under newly enacted R.C. 2929.15(B), the maximum prison term that could be imposed for the violation was 180 days.

**{¶37}** R.C. 2929.15(B) provides the penalties a trial court may impose upon an offender for a violation of community control sanctions. R.C. 2929.15(B) was recently amended by 2017 H.B. 49.[1] The amendment places limitations on the prison sentence that may be imposed for an offender who has violated community control for certain fourth- or fifth-degree felonies. R.C. 2929.15 states, in pertinent part:

> (B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:
>
> * * *
>
> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:
>
> * * *
>
> (ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

---

1. 2017 H.B. 2017 took effect on September 29, 2017. Prior to the amendment, R.C. 2929.15(B)(1) stated: "If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties: * * * (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.

12

{**¶38**} The General Assembly has not defined "technical" under R.C. 2929.15. Other districts, however, have addressed "technical" violations as they pertain to revocation of community control sanctions and violations of parole. In *Cearfoss*, the Fifth Appellate District stated that the appellant's failure to follow the probation officer's order to open the front door was a "technical" violation. *State v. Cearfoss*, 5th Dist. Stark No. 2004CA00085, 2004-Ohio-7310, ¶20. In *Jenkins*, the Second Appellate District determined that the appellant's failure to notify his parole officer before moving out of his residence where a convicted felon resided was "at best a 'technical' violation." *State v. Jenkins*, 2d Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639, ¶15. Additionally, the Twelfth Appellate District has explained that "technical" violations, albeit in the context of parole, are """those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.""" *Amburgey v. Ohio Adult Parole Auth.*, 12th Dist. Madison No. CA2001-07-016, 2001 WL 1256365, *3 (Oct. 22, 2001), quoting *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124 (1993), quoting *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633, 635, fn.2 (6th Cir.1976).

{**¶39**} Here, appellant violated the terms of her community control when she overdosed on heroin. Although appellant was not charged or convicted for this conduct, overdosing on drugs is criminal in nature and cannot be considered a "technical" violation of the terms and conditions of community control. Accordingly, appellant's argument is not well taken.

{**¶40**} Appellant's third assignment of error is without merit.

{¶41} The judgment of the Geauga County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for resentencing. On remand, the trial court may consider applicable findings that are supported by the record under R.C. 2929.14(C)(4) for the imposition of consecutive sentences, or the trial court may impose concurrent sentences.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.