[Cite as *State v. Mannah*, 2018-Ohio-4219.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff – Appellee

-vs-

NICOLE RENAE MANNAH

      Defendant – Appellant

JUDGES:
Hon. John W. Wise, P.J.
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 17-CA-54

O P I N I O N


CHARACTER OF PROCEEDINGS:      Appeal from the Fairfield County Court of Common Pleas Case No. 2016 CR 00400


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      October 17, 2018


APPEARANCES:


For Plaintiff-Appellee

BRIAN T. WALTZ
ASSISTANT PROSECUTING ATTNY.
239 West Main Street, Suite 101
Lancaster, OH  43130

For Defendant-Appellant

SCOTT WOOD
CONRAD / WOOD
120 E. Main Street, Suite 200
Lancaster, OH  43130

*Hoffman, J.*

{¶1} Appellant Nicole R. Mannah appeals the judgment entered by the Fairfield County Common Pleas Court revoking her community control and sentencing her to a term of incarceration of ten months.  Appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2} On November 22, 2016, Appellant entered guilty pleas to one count of possession of heroin and three counts of aggravated trafficking in drugs.  She was sentenced to three years of community control on the possession of heroin conviction, and three years of community control on one of the aggravated trafficking convictions. She was sentenced to fourteen months incarceration on each of the remaining counts of aggravated trafficking, to be served consecutively.  The court advised Appellant revocation of her community control could result in the imposition of a sentence of ten months incarceration for possession of heroin and fourteen months incarceration for aggravated trafficking, to be served consecutively to any other sentence previously imposed.

{¶3} Appellant was granted judicial release on July 26, 2017.  As a condition of her community control, she was to successfully complete all CBCF program requirements.  On October 31, 2017, she asked to be unsuccessfully terminated from the program.

{¶4} Appellee sought revocation of Appellant's community control on November 6, 2017.  Appellant stipulated to the violation.  The court found the violation to be non-

---

[1] A rendition of the facts underlying the offenses is unnecessary for our resolution of the issues raised in this appeal.

technical in nature, and imposed the ten month sentence for possession of heroin. The court also imposed the remaining term of incarceration of 351 days for two convictions of aggravated trafficking, and allowed her to remain on community control with regard to the remaining conviction of aggravated trafficking.

{¶5} It is from the December 18, 2017 judgment revoking her community control Appellant prosecutes her appeal, assigning as error:

"THE COURT ERRED IN SENTENCING APPELLANT AFTER A COMMUNITY CONTROL VIOLATION."

{¶6} Appellant argues the court's sentence of ten months violates R.C. 2929.15(B)(1)(c), and further the statute implicitly prohibits the imposition of consecutive sentences.

{¶7} R.C. 2929.15(B)(1)(c)(i) provides:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term

imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

**{¶8}** The trial court specifically found the violation in the instant case was not a technical violation, rendering the statute quoted above inapplicable. Appellant argues the violation was a technical violation because the violation did not constitute a crime or other violation of the law.

**{¶9}** The Eleventh Appellate District addressed R.C. 2929.15(B) in a case where the defendant overdosed on heroin in violation of the terms of her community control. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249. The defendant argued her community control violation was technical in nature, and therefore, the maximum prison term which could be imposed for the violation was 180 days. The appellate court observed the term "technical violation" was not defined in R.C. 2929.15; however, other appellate districts had addressed "technical violations" as they pertained to revocation of community control sanctions and parole violations in cases predating the statutory amendment. *Id.* at ¶ 38, citing *State v. Cearfoss*, 5th Dist. Stark No.

2004CA00085, 2004-Ohio-7310 (defendant's failure to follow his probation officer's order to open the front door was a "technical" violation); *State v. Jenkins*, 2nd Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639 (defendant's failure to notify his parole officer before moving out of his residence where a convicted felon resided was "at best a 'technical' violation"); and *Amburgey v. Ohio Adult Parole Auth.*, 12th Dist. Madison No. CA2001-07-016, 2001 WL 1256365, 2001 Ohio App. LEXIS 4730 (Oct. 22, 2001) ("technical" violations, in the context of parole, are those violations of the terms and conditions of the parole agreement which are not criminal in nature, such as failure to report to the parole officer, association with known criminals, leaving employment, and leaving the state). The *Cozzone* court concluded overdosing on drugs was criminal in nature and therefore could not be considered a "technical violation" of community control. *Cozzone*, *supra*, at ¶ 39.

{¶10} In considering the identical argument raised in the instant case with regard to a defendant who had signed himself out of a CBCF program, the Court of Appeals for the Twelfth District found the violation was not technical in nature:

> We decline appellant's request to find that his voluntarily signing himself out of the CBCF in violation of his community control was merely technical in nature. As stated above, appellant's community control sanctions included standard rules and conditions as well as several "special conditions." One such condition required appellant to complete treatment at a CBCF. Appellant's voluntary discharge from the CBCF's program and thus his failure to complete treatment there were not a violation of a standard term of community control, but rather, were a violation of a special condition

of community control directly imposed by the trial court and specifically tailored to address and treat appellant's substance abuse issues.

**{¶11}** *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17.

**{¶12}** The court further reasoned:

Moreover, the condition that appellant complete the CBCF treatment program was not an administrative requirement facilitating community control supervision, as was the case in *Cearfoss, Jenkins, or Amburgey.* Rather, the special condition was a substantive rehabilitative requirement which addressed a significant factor contributing to appellant's criminal conduct. Appellant's voluntary discharge from the CBCF's treatment program, therefore, cannot be considered a technical violation of community control.

**{¶13}** *Id.* at ¶18.

**{¶14}** Had the legislature intended R.C. 2929.15 (B)(1)(c)(i) to apply to all violations of community control which were non-criminal in nature, it could have specifically stated so in the statute.  Thus, the choice of the term "technical" implies it has meaning distinct from "non-criminal" violations.  R.C. 2929.15(B)(1)(c)(i) specifically sets forth the ninety-day sentence limitation applies for violations of the law which are not

felonies, if community control was imposed for a felony.  If the legislature intended the statute to apply solely to violations of community control which constitute criminal offenses, it would have said so directly.

{¶15} We concur with the reasoning of the Twelfth District and find the trial court did not err in finding the violation in the instant case to be non-technical in nature. Appellant was required to successfully complete treatment at CBCF as a substantive rehabilitative requirement to address a factor contributing to her drug convictions. Appellant willfully checked herself out of the program, requesting to be unsuccessfully terminated from the program.  Although not criminal, we agree with the trial court the violation was non-technical in nature.  Therefore, R.C.2929.15(B)(1)(c)(i) does not apply, and the court did not err in sentencing Appellant to ten months incarceration.

{¶16} Because the statute does not apply, we decline to address Appellant's argument the statute implicitly prohibits consecutive sentencing.

{¶17} Appellant also argues the court did not make the findings necessary to impose consecutive sentences in the instant case.

{¶18} R.C. 2929.14(C) states,

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶19}** In *State v. Bonnell*, 140 Ohio St.3d 209, 2–014–Ohio–3177, the Ohio Supreme Court held in order to sentence a defendant to consecutive terms of imprisonment, a trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its entry. The Court held the sentencing court has no obligation to state its reasons in support of its findings. *Id.*

**{¶20}** In the original sentencing entry, the trial court ordered, if imposed, the ten month term for revocation of community control would be served consecutively to any

other sentence previously imposed.  The trial court made the requisite findings in the entry, and Appellant has not provided this court with a transcript of her sentencing hearing.  In the absence of a transcript, we must presume regularity in the proceedings below and affirm.  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E. 2d 384 (1980).

{¶21}  The assignment of error is overruled.

{¶22}  The judgment of the Fairfield County Common Pleas Court is affirmed.

By: Hoffman, J.

Wise, John, P.J.  and

Wise, Earle, J. concur