[Cite as *State v. Wolfe*, 2019-Ohio-2294.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-60 |
| DAVID A. WOLFE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Licking County
Court of Common Pleas, Case No. 17 CR
00491

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 7, 2019

APPEARANCES:

For Plaintiff-Appellee

WILLIAM HAYES
BY:PAULA SAWYERS
Licking County Prosecutor's Office
20 S. Second Street, 4th Floor
Newark, OH 43055

For Defendant-Appellant

NICHOLAS FAGNANO
Burkett & Sanderson, Inc.
73 North Sixth Street
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant David A. Wolfe ["Wolfe"] appeals the decision of the Court of Common Pleas, Licking County, which sentenced him for community control violations.

*Facts and Procedural History*

{¶2} On November 21, 2017, Wolfe pled guilty to three counts of Receiving Stolen Property, felonies of the fifth degree. Wolfe was sentenced to three years of Community Control sanctions. The trial court reserved a prison term of twelve months on each count in the event Wolfe was to violate the terms and conditions of his Community Control.[1]

{¶3} On March 15, 2018, Wolfe tested positive for Methamphetamine. Wolfe admitted that he had used the drug on March 12, 2018. Further, a home check by Wolfe's probation officer revealed scales and drug masking agents.

{¶4} On May 2, 2018, Wolfe again tested positive for Methamphetamine. Wolfe admitted using the drug on May 1, 2018. Further, Adult Court Services discovered text messages in which Wolfe was attempting to contact known offenders in violation of his community control. ACS also discovered messages that indicated Wolfe was contacting incarcerated individuals.

{¶5} A Motion to Revoke Wolfe's Community Control was filed May 8, 2019. Wolfe through counsel stipulated to probable cause and admitted the violations. Thereafter the trial court imposed a twelve-month sentence on each count to run consecutive for an aggregate sentence of thirty-six months.

---

[1] The judgment entry states, "The prison terms shall be served consecutively."

*Assignment of Error*

{¶6} Wolfe raises one assignment of error,

{¶7} "I. THE SENTENCING COURT COMMITTED HARMFUL ERROR WHEN IT IMPOSED THE FULL PRISON TERM ON EACH OF HIS THREE COUNTS FOR NON-CRIMINAL VIOLATIONS AS THIS IS CONTRARY TO LAW."

*Law and Analysis*

{¶8} In his sole assignment of error, Wolfe maintains that the trial court erred when it sentenced him to 12 months in prison on each count because under R.C. 2929.15(B)(1)(c)(i) the court could only sentence him to a maximum prison term of 90 days. Specifically, Wolfe argues that his violations were "technical violations," and thus, the trial court could only sentence him to 90 days in prison under R.C. 2929.15(B)(1)(c)(i).

{¶9} R.C. 2929.15(B)(1)(c)(i) provides:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community

control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

{¶10} The trial court made no specific finding concerning whether the court considered Wolfe's violations to be "technical" or "non-technical" either at the hearing or in the subsequent judgment entry.

{¶11} This Court has previously considered the meaning of "technical violation" pursuant to R.C. 2929.15(B)(1)(c)(i),

The Eleventh Appellate District addressed R.C. 2929.15(B) in a case where the defendant overdosed on heroin in violation of the terms of her community control. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249 [—— N.E.3d ——]. The defendant argued her community control violation was technical in nature, and therefore, the maximum prison term which could be imposed for the violation was 180 days. The appellate court observed the term "technical violation" was not defined in R.C. 2929.15; however, other appellate districts had addressed "technical violations" as they pertained to revocation of community control sanctions and parole violations in cases predating the statutory amendment. Id. at ¶ 38, *citing State v. Cearfoss*, 5th Dist. Stark No. 2004CA00085, 2004-Ohio-7310 [2004 WL 3563911] (defendant's failure to follow his probation officer's order to open the front door was a "technical violation"); *State v. Jenkins*, 2d Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639 [2006 WL 1461119] (defendant's failure to notify his parole officer before moving out of his

residence where a convicted felon resided was "at best a 'technical' violation"); and *Amburgey v. Ohio Adult Parole Auth.*, 12th Dist. Madison No. CA2001-07-016, 2001 WL 1256365, * * * ("technical" violations, in the context of parole, are those violations of the terms and conditions of the parole agreement which are not criminal in nature, such as failure to report to the parole officer, association with known criminals, leaving employment, and leaving the state). The *Cozzone* court concluded overdosing on drugs was criminal in nature and therefore could not be considered a "technical violation" of community control. *Cozzone, supra*, at ¶ 39.

*State v. Mannah,* 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 9.

**{¶12}** We note that, specifically, the court in *Cozzone* concluded, "[a]lthough appellant was not charged or convicted for this conduct, overdosing on drugs is criminal in nature and cannot be considered a "technical" violation of the terms and conditions of community control." *Cozzone,* ¶ 39. *See, State v. Nelson,* 2nd Dist. Champaign No. 2018-CA-5, 2018-Ohio-4763, ¶28.

**{¶13}** The Supreme Court of Ohio has defined " 'technical violations' [of parole] as 'those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.'" *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), *quoting Inmates' Councilmatic Voice v. Rogers,* 541 F.2d 633,635, fn. 2 (6th Dist. 1976).

**{¶14}** In the case at bar, Wolfe admitted to ingesting Methamphetamine on March 12, 2018. His Community Control officer did not immediately file a motion to revoke.

However, when Wolfe admitted that he again ingested Methamphetamine on May 1, 2018, a violation was filed.  Although Wolfe was not charged or convicted for this conduct, purchasing, possessing, and using a Schedule II, controlled substance is a felony criminal offense.  R.C. 2925.11(A)(C)(1)(a)[2].  Therefore, it could not be considered a "technical violation" of community control.  *State v. Cozzone,* 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, 114 N.E.3d 601*, ¶9.

**{¶15}**  Wolfe's sole assignment of error is overruled.

**{¶16}**  The judgment of the Licking County Court of Common Pleas is affirmed.

---

[2] Methamphetamine is a Schedule II controlled substance.  R.C. 3719.41, Schedule II, (C)(2).