[Cite as *State v. Swetnam*, 2019-Ohio-5186.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2019 CA 00010 |
| | : | |
| LISA SWETNAM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Licking County Court of
                                       Common Pleas, Case No. 17-CR-00340



JUDGMENT:                              AFFIRMED



DATE OF JUDGMENT ENTRY:                December 10, 2019



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

WILLIAM C. HAYES                       NICHOLAS FAGNANO
LICKING COUNTY PROSECUTOR              73 North Sixth St.
                                       Newark, OH 43055
DARREN M. BURGESS
20 S. Second St., 4th Floor
Newark, OH 43055

*Delaney, J.*

{¶1}   Defendant-Appellant Lisa Swetnam appeals the January 3, 2019 judgment entry of the Licking County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The underlying facts are not necessary for the disposition of this appeal. On April 20, 2017, Defendant-Appellant Lisa Swetnam was indicted by the Licking County Grand Jury on four counts: (1) Possession of Cocaine, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(4)(a); (2) Aggravated Possession of Drugs (Fentanyl), a fifth-degree felony in violation of 2925.11(A)(C)(1)(a); (3) Aggravated Possession of Drugs (Carfentanyl), a fifth-degree felony in violation of 2925.11(A)(C)(1)(a); and (4) Aggravated Possession of Drugs (Methamphetamine), a fifth-degree felony in violation of 2925.11(A)(C)(1)(a). The indictment also contained a forfeiture specification (U.S. Currency) pursuant to R.C. 2941.1417(A) and 2981.02(A)(2).

{¶3}   Swetnam entered a plea of not guilty to all charges and the matter was set for trial.

{¶4}   On August 24, 2017, Swetnam appeared before the trial court and withdrew her plea of not guilty to the charges. The trial court accepted Swetnam's plea, found her guilty on all counts, and proceeded to sentencing. The parties jointly recommended an agreed sentence of community control sanctions. The trial court considered the record, statements of the parties, and the pre-sentence investigation report in conjunction with the purposes and principles of sentencing set for in R.C. 2929.11, balanced by the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court found a prison sentence was not mandatory and not consistent with the purposes and principles of

sentencing. The trial court placed Swetnam on community control for a period of two years with the following sanctions:

> The Defendant is placed on the following community control sanctions for a period of two (2) years. If the Defendant violates any of the conditions of community control sanctions, the Court may do any of the following: (1) impose a longer term under community control sanctions; (2) impose more restrictive community control sanctions; or (3) impose the reserved prison term for the offense for which the Defendant was convicted.
>
> * * *
>
> **B. Nonresidential Sanctions (R.C. 2929.17)**
>
> The Defendant shall be placed under the supervision of the Licking County Adult Court Services Department and shall comply with all general and specific conditions of supervision as set forth below. Further, the Defendant shall be placed on a term of:
>
> Chemical Dependency Supervision
>
> The Defendant shall abide by the law and may not leave the State without the permission of the Court or the Defendant's probation officer.
>
> The Defendant shall enter into and successfully complete any drug and/or alcohol treatment program as directed by the Adult Court Services Department.
>
> The Defendant shall enter into and successfully complete an approved mental health treatment program as directed by the Adult Court Services Department.

The Defendant shall complete 40 hours of community service.

* * *

The Defendant shall abstain from the use of alcohol, and the use of any controlled substance, without a prescription by a licensed medical practitioner. The Defendant shall provide a copy of any prescription issued to him or her to the Adult Court Services Department.

* * *

The Defendant shall immediately submit to an alcohol or drug test if requested to do so by any law enforcement officer.

The Defendant shall conscientiously seek and/or maintain suitable employment or pursue conscientiously a course of study or vocational training to obtain suitable employment.

* * *

The Defendant shall obtain his/her GED.

The Defendant shall abide by all other conditions set by the Licking County Common Pleas Court Adult Court Services Department and approved by the Court.

{¶5}   The trial court further imposed a reserved prison term if Swetnam violated the conditions of the community control sanctions or committed a violation of the law. The trial court specifically advised Swetnam that it would impose the following prison terms in the event her community control sanctions were revoked: (1) 12 months in prison on Count One (Counts One, Two, and Three merged for sentencing purposes) and (2) 12 months in prison on Count Four. The prison terms were to be served consecutively.

{¶6} The trial court's sentencing entry was filed on August 24, 2017.

{¶7} On November 27, 2018, the State filed a Motion to Revoke Community Control. In the motion, the State alleged Swetnam violated the conditions of her community control supervision. The motion alleged that on October 26, 2018, Swetnam admitted to using fentanyl and other illegal substances on October 22, 2018. On November 8, 2018, Swetnam tested positive for fentanyl. On November 21, 2018, Swetnam tested positive for fentanyl and admitted to using on November 18, 2018. On November 21, 2018, Swetnam admitted to having contact with her ex-boyfriend after she was ordered to have no contact with him.

{¶8} The State filed an addendum to the Motion to Revoke Community Control on December 14, 2018. In the motion, the State alleged Swetnam tested positive for Gabapentin and had no current prescription. Swetnam admitted to using the drug on December 12, 2018.

{¶9} The matter came on for hearing before the trial court on January 3, 2019. Swetnam, represented by counsel, stipulated to probable cause and admitted the violations. Counsel for Swetnam stated she had been accepted into the STAR program and a bed was available for her on January 15, 2019. (T. 4). Swetnam stated she had successfully completed drug rehab but relapsed because she associated with the wrong people after rehab. (T. 5). She acknowledged this was her second revocation, but she felt the STAR program would be beneficial. (T. 4, 11). The trial court ordered that Swetnam's community control be revoked and imposed the reserved prison term of 24 months. (T. 13).

{¶10} It is from the January 3, 2019 judgment entry Swetnam now appeals.

**ASSIGNMENT OF ERROR**

{¶11} Swetnam raises one Assignment of Error:

{¶12} "THE SENTENCING COURT COMMITTED ERROR WHEN IT IMPOSED THE FULL PRISON TERM ON EACH OF HER TWO COUNTS FOR NON-CRIMINAL VIOLATIONS."

**ANALYSIS**

{¶13} In her sole Assignment of Error, Swetnam contends the trial court erred when it sentenced her to 12 months in prison on each count because under R.C. 2929.14(B)(1)(c)(i), the trial court could only sentence Swetnam to a maximum prison term of 90 days. Specifically, Swetnam argues her violations of her community control sanctions were only "technical violations" and thus, the trial court could only sentence her to 90 days in prison under R.C. 2929.14(B)(1)(c)(i).

{¶14} R.C. 2929.14(B)(1)(c)(i) reads:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

*

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or

for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

{¶15} The trial court did not make a specific finding at the revocation hearing or in the judgment entry imposing the reserved prison term that Swetnam's violations of her community control sanctions were "technical" or "non-technical."

{¶16} This Court has previously considered the meaning of "technical violation" pursuant to R.C. 2929.15(B)(1)(c)(i):

The Eleventh Appellate District addressed R.C. 2929.15(B) in a case where the defendant overdosed on heroin in violation of the terms of her community control. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249 [114 N.E.3d 601]. The defendant argued her community control violation was technical in nature, and therefore, the maximum prison term which could be imposed for the violation was 180 days. The appellate court observed the term "technical violation" was not defined in R.C. 2929.15; however, other appellate districts had addressed "technical violations" as they pertained to revocation of community control sanctions and parole violations in cases predating the statutory amendment. *Id.* at ¶ 38, citing *State v. Cearfoss*, 5th Dist. Stark No. 2004CA00085, 2004-Ohio-7310 [2004 WL 3563911] (defendant's failure to follow his probation officer's order to open the front door was a "technical violation"); *State v. Jenkins*, 2d Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639 [2006 WL 1461119] (defendant's failure to notify his parole officer before moving out of his

residence where a convicted felon resided was "at best a 'technical' violation"); and A*mburgey v. Ohio Adult Parole Auth*., 12th Dist. Madison No. CA2001-07-016, 2001 WL 1256365, * * * ("technical" violations, in the context of parole, are those violations of the terms and conditions of the parole agreement which are not criminal in nature, such as failure to report to the parole officer, association with known criminals, leaving employment, and leaving the state). The *Cozzone* court concluded overdosing on drugs was criminal in nature and therefore could not be considered a "technical violation" of community control. *Cozzone*, *supra*, at ¶ 39.

*State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 9.

{¶17} The Supreme Court of Ohio has defined " 'technical violations' [of parole] as 'those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.' " *State v. Wolfe*, 5th Dist. Licking No. 18-CA-60, 2019-Ohio-2294, 2019 WL 2419651, ¶ 13 quoting *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), quoting *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633,635, fn. 2 (6th Dist. 1976).

{¶18} Swetnam was placed on community control in lieu of prison based in part on her conviction for aggravated possession of fentanyl. Swetnam admitted to using fentanyl on October 22, 2018 and November 18, 2018, while on community control sanctions and after she had completed drug rehabilitation. While Swetnam was not charged or convicted for this conduct, purchasing, possessing, and using a Schedule II controlled substance such a fentanyl is a felony criminal offense. *State v. Wolfe*, 5th Dist.

Licking No. 18-CA-60, 2019-Ohio-2294, 2019 WL 2419651, ¶ 14 citing R.C. 2925.11(A)(C)(1)(a). Therefore, it could not be considered a "technical violation" of community control. *Id.* citing *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 9.

{¶19} Swetnam's sole assignment of error is overruled.

## CONCLUSION

{¶20} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.