[Cite as *State v. Claar*, 2021-Ohio-2180.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>MATTHEW J. CLAAR,<br><br>Defendant-Appellant. | CASE NO. 2020-P-0058<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2017 CR 00423 |

**O P I N I O N**

Decided: June 28, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Alexander Keane*, A.T. Keane Law, P.O. Box 92, Canfield, OH 44406 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Matthew J. Claar, appeals the imposition of consecutive thirty-six-month prison terms for one count of third-degree Attempted Felonious Assault and one count of third-degree Tampering with Evidence. For the following reasons, we affirm the sentence imposed.

{¶2} On November 20, 2017, Claar pled guilty to Attempted Felonious Assault and Tampering with Evidence and was placed on community control sanctions.

{¶3} On July 19, 2019, the trial court revoked the community control sanctions

and sentenced Claar to consecutive thirty-six-month prison terms for each felony.

{¶4}    Claar appealed the imposition of consecutive prison terms and this court reversed on the grounds that "the trial court failed to make the finding that consecutive sentences are 'not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public' at the sentencing hearing." *State v. Claar*, 11th Dist. Portage No. 2019-P-0091, 2020-Ohio-1330, ¶ 12.

{¶5}    On June 8, 2020, Claar was resentenced and again received consecutive thirty-six-month prison terms.

{¶6}    On July 7, 2020, Claar filed a Notice of Appeal.  On appeal, Claar raises the following assignment of error: "The trial court issued a sentence contrary to law when it failed to give proper consideration to the principles of sentencing."

{¶7}    "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court."  R.C. 2953.08(G)(2).  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law."  R.C. 2953.08(G)(2)(b).

{¶8}    "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing."  R.C. 2929.11(A).  "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  *Id.*

2

{¶9} When imposing a sentence for a felony, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of [felony] sentencing" and "shall consider the factors * * * relating to the seriousness of the conduct" and "the factors * * * relating to the likelihood of the offender's recidivism." R.C. 2929.12(A). A non-exhaustive list of factors relating to the seriousness of the conduct and the likelihood of recidivism is set forth in divisions (B), (C), (D), and (E) of R.C. 2929.12.

{¶10} Claar argues that "the trial court did not properly consider the purposes and principles of sentencing under R.C. 2929.11, rendering its sentence contrary to law." At the sentencing hearing, "the trial court spoke of the 'purposes of Ohio sentencing law' as well as to the seriousness factors, but did not speak to any of the principles of sentencing." In its sentencing entry, the court "speaks only of considering those factors contained in R.C. 2929.19, which does not contain any of the relevant purposes or principles of sentencing." Appellant's brief at 4.

{¶11} We find no error. It is well-established that "consideration of the appropriate factors set forth in R.C. 2929.11 can be presumed unless the defendant affirmatively shows to the contrary." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243. A trial court's silence regarding the purposes of felony sentencing and/or the seriousness and recidivism factors is not sufficient to affirmatively demonstrate that the court did not comply with the statutes. *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus ("[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12"); *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 19 (11th Dist.) ("[t]he trial court did not explicitly state

3

Case No. 2020-P-0058

it considered R.C. 2929.11 and R.C. 2929.12 when it imposed appellant's sentence; however, we presume a trial court considered R.C. 2929.11 and R.C. 2929.12 from a silent record").

{¶12} We further note, as pointed out in the State's brief, that reference to the "principles of sentencing set forth in section 2929.11 of the Revised Code" only occurs in R.C. 2929.12(A). Section 2929.11(A) states that a court "shall be guided by the overriding purposes of felony sentencing" but omits any mention of principles. Construing these statutes, R.C. 2929.12(A) affords a sentencing court discretion as to how "to comply with the * * * principles" of sentencing, although what these principles are is not otherwise identified or explained, nor is a sentencing court required to be guided by or to comply with them. To the extent that it is necessary to identify them, the principles of sentencing may be generally understood as the objectives served by the purposes of sentencing. Given the foregoing, a court's failure to expressly mention the principles of sentencing when imposing a sentence is not grounds for reversal.

{¶13} In the sentencing entry, the court did state that it "considered the overriding principles of 2929.19: to protect the public from future crimes by the Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources and the need for incapacitating the Defendant, deterring the Defendant and others from future crime and Rehabilitating the Defendant." Again, as noted in the State's brief, the reference to the "principles of 2929.19" is evidently a typographical error, inasmuch as the foregoing language tracks the purposes of felony sentencing set forth in R.C. 2929.11(A). *Compare State v. Pishner*, 11th Dist. Portage

4

No. 2017-P-0004, 2017-Ohio-8689, ¶ 23, fn. 1 ("[d]espite citing R.C. 2929.19, the trial court's language during this portion of the sentencing hearing closely follows the language of R.C. 2929.11, which statute the court unquestionably intended to reference").

{¶14} Here, there is nothing in the transcript of the sentencing hearing or the sentencing entry itself to suggest that the trial court did not give due consideration to the purposes of felony sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12. Accordingly, the sentence imposed is not contrary to law.

{¶15} The sole assignment of error is without merit.

{¶16} For the foregoing reasons, Claar's sentence of consecutive thirty-six-month prison terms is affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.