[Cite as *State v. Abnet*, 2018-Ohio-4506.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 18CA1061 |
| | | 18CA1062 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| ANGELA ABNER, | : | |
| Defendant-Appellant. | : | **RELEASED: 11/01/2018** |

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Peter Galyardt, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

C. David Kelley, Adams County Prosecuting Attorney, and Mark R. Weaver, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for appellee.

Harsha, J.

{¶1}   In these two consolidated criminal cases, the trial court determined that Angela Abner violated the terms of her community control and ordered her to serve an aggregate 21-month prison term.  Abner asserts that the trial court's sentence is clearly and convincingly contrary to law because she committed only technical violations of her community control, which warranted at most only a 90-day prison term under R.C. 2929.15(B)(1)(c)(i).

{¶2}   We reject Abner's assertion because a technical community-control violation is one which merely violates the terms of community control, but is not itself criminal.  Abner violated her community control condition that she not use illegal drugs when she tested positive for and admitted using heroin.  She did not claim at the revocation hearing that she had inadvertently ingested it; instead she conceded that she had relapsed.  Because the knowing possession or use of heroin constitutes a felony,

R.C. 2925.11(A) and (C)(6)(a), Abner's community-control violation was not merely a technical violation; therefore, the 90-day prison-term cap of R.C. 2929.15(B)(1)(c)(i) did not apply. We affirm Abner's sentence.

I. FACTS

{¶3}   In Adams Cty. C.P. Case No. CR2012-93, Angela Abner pleaded guilty to trafficking in heroin, and the Adams County Court of Common Pleas sentenced her to two years of community control. In Adams County C.P. Case No. CR2012-156, Abner pleaded guilty to two counts of felony theft, and the trial court imposed the same two-year community control sentences for these offenses.

{¶4}   She violated the conditions of her community control in the cases, including requirements that she: (1) report once a month to the probation officer; (2) not use illegal drugs; (3) pay court costs and fees; and (4) complete community service, obtain her GED, complete a recovery program, and pay restitution. The state filed a motion to revoke Abner's community control, and the trial court held a hearing on the motion.

{¶5}   At the hearing on the state's motion, Joyce DeMint, Abner's supervising probation officer, testified that Abner violated the aforementioned conditions of her community control.[1] DeMint testified that Abner violated the community-control condition that she not use illegal drugs by admitting to using heroin and testing positive for it in October 2013. Abner also gave a statement to DeMint that she had used heroin three times since October 2012. At the hearing Abner admitted she had relapsed in October 2013, when she had a positive drug test.

---

[1] "Community control sanctions are the current alternative to probation, and may include probation as community control sanction." *State v. Amos*, 4th Dist. Gallia No. 15CA5, 2016-Ohio-917, fn. 1, citing Katz & Giannelli, *Criminal Law*, Section 123:7 (3d Ed.2009).

{¶6}   In Case No. CR2012-93 the trial court determined that Abner violated the terms of her community control, revoked it, and sentenced her to the stated prison term for the underlying crime of trafficking in heroin of 12 months.

{¶7}   In Case No. CR2012-156 the trial court found that Abner violated the terms of her community control, revoked it, and sentenced her to the stated prison terms of nine months for each of the underlying felony theft offenses.  The court ordered that Abner serve these terms concurrent to each other, but consecutive to her term in Case No. CR2012-93, which resulted in an aggregate 21-month prison term.

{¶8}   We consolidated these appeals for briefing and decision.

## II. ASSIGNMENT OF ERROR

{¶9}   Abner assigns the following error for our review:

THE TRIAL COURT ERRED WHEN IT IMPOSED A CONTRARY-TO-LAW SENTENCE UPON ANGELA ABNER.

## III. STANDARD OF REVIEW

{¶10}  When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2).  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.  Under R.C. 2953.08(G)(2) an appellate court may reverse a sentence if it clearly and convincingly finds either that the record does not support the sentencing court's findings as required by specified statutes or that the sentence is otherwise contrary to law.  *See State v. Mullins*, 4th Dist. Scioto No. 15CA3716, 2016-Ohio-5486, ¶ 25.

## IV. LAW AND ANALYSIS

**{¶11}** Abner asserts that the trial court's 21-month aggregate prison sentence is clearly and convincingly contrary to law because it exceeds the 90-day cap for technical violations of community-control sanctions under R.C. 2929.15(B)(1)(c)(i), which provides:

> If the conditions of a community control sanction are violated * * *, the sentencing court may impose upon the violator one or more of the following penalties: * * *
>
> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:
>
> (i) **If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree** or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, **the prison term shall not exceed ninety days.**

(Emphasis added.)

**{¶12}** Abner argues that all of the violations of community control that she committed constituted technical violations. "Technical violation" is not defined in R.C. 2929.15(B)(1), but in *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), the Supreme Court of Ohio adopted the definition of "technical violation" for comparable parole-revocation proceedings adopted by the United States Court of Appeals for the Sixth Circuit in *Inmates Councilmatic Voice v. Rogers*, 541 F.2d 633 (6th Cir.1976). Accordingly technical violations means those violations of the terms and conditions of parole that are not criminal in nature:

> Petitioner also invokes the sixty-day rule mentioned in a January 21, 1992 contempt order in the *Inmates' Councilmatic Voice* case. *Inmates' Councilmatic Voice v. Wilkinson* (Jan. 21, 1992), N.D.Ohio No. C72-1052, unreported. The order does require certain parole revocation hearings to be held within sixty days after the date on which the parolee is arrested or held by means of a detainer. However, it plainly states that "[t]he sixty-day rule is

applicable to all Ohio parolees charged by Defendants with a *technical violation* of a term or condition of their parole." (Emphasis added.) *Id.* at 2. In *Inmates' Councilmatic Voice*, *supra*, 541 F.2d at 635, fn. 2, the Sixth Circuit Court of Appeals defined "technical violations" as "those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc."

**{¶13}** Courts of appeals have applied this definition of technical violation for purposes of determining the applicability of the sentencing caps in R.C. 2929.15 in community-control revocation cases. *See State v. Cozzone*, 2018-Ohio-2249, __ N.E.3d __, ¶ 38 (11th Dist.); *State v. Pino*, 11th Dist. Lake No. 2017-L-171, 2018-Ohio-2825, ¶ 6; *compare State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 16-18 (citing *Cozzone*, but ultimately applying a narrower definition of "technical violation" by holding that the violation of a special, non-criminal condition that constituted a substantive rehabilitative requirement was not a technical violation). Consistent with *Cozzone* and *Pino*, which we find to be persuasive, we hold that a technical violation of community control for purposes of R.C. 2929.15(B) is a violation that is not criminal in nature.

**{¶14}** Abner argues that because she was never charged with a new crime like possession of heroin for her positive test for heroin, it constituted a technical violation, which along with her other technical violations of community control, required a 90-day cap for her prison sentence under R.C. 2929.15(B)(1)(c)(i). In *Cozzone* at ¶ 5, 39, the court rejected a similar argument. There the defendant violated her community-control condition that she not test positive for opiates by overdosing on heroin. The court concluded the violation was criminal in nature and could not be considered a technical violation of the terms of her community control:

Here, appellant violated the terms of her community control when she overdosed on heroin. Although appellant was not charged or convicted for this conduct, overdosing on drugs is criminal in nature and cannot be considered a "technical" violation of the terms and conditions of community control. Accordingly, appellant's argument is not well taken.

**{¶15}** Although Abner was not charged or convicted for felony possession of heroin, her admitted use of heroin constituted a crime rather than a mere technical violation of community control. *See* R.C. 2925.11(A) and (C)(6)(a) (making the knowing use or possession of heroin in even a trace amount a fifth-degree felony). Her additional contention that it is conceivable that one could ingest heroin without ever possessing it is belied by the evidence introduced in this case, including Abner's admission that she used heroin because she relapsed, not due to any inadvertent action by someone else. This is different than *Pino* at ¶ 6, where the defendant violated a community-control condition that he not use alcohol because "drinking alcohol is not per se criminal in Ohio." By contrast, the knowing possession or use of heroin is per se criminal in Ohio and it constitutes a felony offense.

**{¶16}** Because Abner's use of heroin constituted a felony criminal offense, it did not constitute a technical violation, and the trial court was not constrained by R.C. 2929.15(B)(1)(c)(i) to cap her prison sentence at 90 days. Therefore, she did not meet her burden to establish by clear and convincing evidence that her sentence was contrary to law. We overrule her assignment of error and affirm her sentence.

## V. CONCLUSION

**{¶17}** Having overruled Abner's assignment of error, we affirm her sentence.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**