[Cite as *State v. Stevens*, 2019-Ohio-1838.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA712 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| KENNETH STEVENS, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 05/06/19** |

<u>APPEARANCES</u>:

Brian A. Smith, Akron, Ohio, for Appellant.

Trecia Kimes-Brown, Vinton County Prosecutor, and William L. Archer Jr., Assistant Vinton County Prosecutor, McArthur, Ohio, for Appellee.

McFarland, J.

{¶1} This is a delayed appeal from a Vinton County Court of Common Pleas judgment entry terminating Appellant's community control and imposing a prison term.

{¶2} Appellant pleaded guilty to four criminal counts, and the trial court suspended an 18-month sentence and imposed community control. Subsequently, the trial court required Appellant to complete the Structure Therapy Advocacy Restoration (STAR) Program. After Appellant withdrew from the STAR program, the trial court revoked his community control and imposed the 18-month sentence.

Appellant appealed asserting that his sentence was limited to 180 days pursuant to R.C. 2929.15(B)(1)(c)(ii), which caps sentences at 180 days for technical community control violations. Because we find that the failure to complete the STAR program was not a not technical violation, the 180-day sentence cap in R.C. 2929.15(B)(1)(c)(ii) does not apply. Therefore, we affirm Appellant's sentence.

Facts and Procedure

{¶3} The State issued a complaint charging Appellant with: (1) tampering with drugs in violation of R.C. 2925.24, a third degree felony; (2) disrupting public services in violation of R.C. 2909.04(A)(3), a fourth degree felony; (3) possession of drugs in violation of R.C. 2925.11(A)(2)/(C)(2)(b), a first degree misdemeanor; (4) domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor; (5) criminal damaging in violation of R.C. 2909.06(A)(1), a first degree misdemeanor, (6) obstructing official business in violation of R.C. 2921.31, a second degree misdemeanor; and, (7) resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor.

{¶4} Appellant waived his right to a jury trial and pleaded guilty to disrupting public services, possession of drugs, domestic violence, and criminal damaging. On March 22, 2017, the trial court imposed a suspended 18-month sentence and ordered Appellant to serve three years of community control, as well as specific conditions, including that Appellant "shall successfully complete anger

management counseling as directed by the APA." The sentencing entry stated that if Appellant "violates the conditions of community control * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term of 18 months upon the convictions set forth."

{¶5} On January 22, 2018, the State issued a Notice of Community Control Violations that indicated since September 8, 2017 Appellant had missed or rescheduled appointments at Treatment Assessment Screening Center (TASC) at least 20 times and had tested positive for buprenorphine twice.

{¶6} On February 28, 2018, the trial court issued a judgment recognizing that Appellant waived his right to a hearing and admitted to the violations. Nevertheless, the court found that Appellant was still amenable to continued community control sanctions, but the court also required that he "shall enroll in and successfully complete STAR and all recommended aftercare as directed by the Adult Parole Authority." The STAR program is a community based correctional facility (CBCF)[1].

---

[1] "Community Based Correctional Facilities (CBCFs) are secure residential programs that provide comprehensive programming for offenders on felony probation. CBCFs provide a wide range of programming addressing offender needs such as cognitive behavioral therapy, chemical dependency, education, employment, and family relationships. CBCFs are governed by a facility governing board and advised by a judicial advisory board." https://drc.ohio.gov/community.

https://drc.ohio.gov/Portals/0/CBCF%20Directory%20w%20FGB%20Chair%20F
Y2019.pdf

{¶7}  On March 5, 2018, the State issued a second Notice of Community

Control Violations alleging that Appellant entered with force Jennifer Quintal's

residence without her permission.  It further alleged that while he was there he

threatened and held Quintal against her will, took her phone, and disrupted public

service from Quintal.

{¶8}  On March 14, 2018, the trial court issued an entry finding that the

State withdrew the alleged violations, so the court continued the community

control sanctions.

{¶9}  On April 4, 2018, the State issued a third Notice of Community

Control Violations stating that on April 2, 2018, Appellant had "self-terminated"

from the court ordered STAR program against staff advice.

{¶10}  On April 11, 2018, the trial court held a hearing to consider the

alleged violations, and a new criminal offense.  The State recommended that

Appellant's community control be revoked and that he serve the balance of his

sentence, 18 months, with 60 days of jail time credit.  Appellant admitted that he

walked out from the STAR program.  He also pleaded not guilty to the new

charges.

{¶11} The court found that Appellant violated community control sanctions by voluntarily leaving the STAR program. The court then also found that Appellant was no longer amenable to community control sanctions, and then imposed the 18 months in jail for the original disrupting public services conviction with 60 days of jail time credit. The court stated that "not completing the STAR program, uh, would not be considered a technical violation and therefore, the Court has the authority to impose the sentence which has been imposed here today."

{¶12} Appellant did not file a timely appeal, but did file a motion for a delayed appeal, which we granted. In his delayed appeal, Appellant asserts two assignments of error.

## ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW.

II.    THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S
       SENTENCE OF APPELLANT.

## ASSIGNMENT OF ERROR I

{¶13} Appellant's first assignment of error contends the trial court's imposition of an 18-month prison term for his violation of community control was contrary to law because his violation was not criminal in nature making it merely a technical violation, which caps his maximum possible sentence at 180 days under 2929.15(B)(1)(c)(ii).

{¶14} The State asks the court to adopt the reasoning of several courts of appeals that have held that even though a community control violation is not criminal in nature, it is nevertheless not a technical violation if a special condition was imposed. This, the State argues, means that the 180-day sentence cap in R.C. 2929.15(B)(c)(ii) would not apply so Appellant's 18-month sentence would not be contrary to law.

{¶15} An appellate court may reverse a sentence only if it is clearly and convincingly not supported by the sentencing court's findings, or it is otherwise contrary to law. *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506, ¶ 10, *State v. Marcum*, 2016-Ohio-1002, 146 Ohio St.3d 516, 521, 59 N.E.3d 1231, ¶ 23.

{¶16} R.C. 2929.15(B)(1)(c)(ii) provides:

> If the prison term is imposed for any *technical violation* of the
> conditions of a community control sanction imposed for a felony of
> the fourth degree that is not an offense of violence and is not a
> sexually oriented offense or for any violation of law committed
> while under a community control sanction imposed for such a
> felony that consists of a new criminal offense and that is not a
> felony, the prison term shall not exceed one hundred eighty days.
> (Emphasis added.)

{¶17} Accordingly, a technical violation of community control means that any sentence then imposed by the trial court cannot exceed 180 days. However, R.C. 2929.15 does not define "technical violation."

{¶18} The Supreme Court of Ohio has defined " 'technical violations' [of parole] as 'those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.' " *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), quoting *Inmates' Councilmatic Voice, supra,* 541 F.2d at 635, fn. 2. This Court adopted *Taylor*'s definition of technical violation in holding that "a technical violation of community control for purposes of R.C. 2929.15(B) is a violation that is not criminal in nature." *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506, ¶ 13.

{¶19} However, a month later in *State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413, ¶ 11, we held that the violation of a special condition imposed as part of community control, even though not criminal in nature, is a non-technical violation under 2929.15(B)(1)(c)(i).

{¶20} In *Blake*, the defendant entered guilty pleas to possession and trafficking in drugs, both fifth degree felonies. *Blake* at ¶ 3. The court granted the defendant intervention in lieu of conviction and placed the defendant under the supervision of Adult Parole Authority for three years, which included certain terms and conditions: (1) attend GED classes, (2) pay court costs, (3) complete treatment

in lieu, (4) forfeit money seized, (5) have no contact with felons, and (6) abstain from using or possessing illegal drugs or alcohol. *Id.*

{¶21} The defendant violated her community control by associating with criminals and drinking alcohol. *Blake*, ¶ 4. The trial court revoked her treatment in lieu of conviction and sentenced her to 24 months, but suspended the prison term and placed her on community control for five years with the following conditions: (1) supervision for the first year on community control, (2) substance abuse counseling, (3) no alcohol or illegal drug use, (4) pay court costs, and (5) no association with criminals without APA permission. *Id*.

{¶22} The defendant admitted to a second violation of her community control for using non-prescribed opiates (Percocet). *Blake*, ¶ 5. The trial court continued the community control for five years and imposed the following conditions: (1) obtain substance abuse health counseling through an appropriate agency, costs to defendant, successfully complete said program and follow through with the recommendations made, (2) do not to use or possess any alcohol, illegal drugs, drug paraphernalia and pseudoephedrine whatsoever, (3) have no contact whatsoever with persons with a criminal record without permission of the Adult Parole Authority, and (4) *enter the STAR Program and Aftercare Program, successfully complete said programs and follow through with the recommendations*

*made*.  Successful completion of said programs will result in termination of probation. (Emphasis added.) *Id.*

{¶23}  The State again alleged that the defendant violated community control and asked her supervision be revoked. *Blake*, ¶ 6.  The State alleged that the appellant "knowingly caused STAR staff members to believe that you would cause serious physical harm to them or their family members" and "failed to complete the STAR program, when * * * [she] was unsuccessfully terminated from the STAR program." *Id.*  The trial court revoked appellant's community control and imposed a 24-month sentence. *Id.*

{¶24} Blake appealed asserting that the trial court's 24-month prison sentence was clearly and convincingly contrary to law because it exceeded the 90-day cap for technical violations of community-control sanctions pursuant to R.C. 2929.15(B)(1)(c)(i). *Blake* at ¶ 8.

{¶25}  *Blake* reaffirmed that technical violations of community control are violations that are not criminal in nature. *Id.* at ¶ 8, 9.  However, *Blake* also adopted the rationale from Fifth and Twelfth District Courts of Appeals that CBCF treatment was a rehabilitative requirement imposed as a special condition of community control, and even though such a violation was not criminal in nature, it was nevertheless a non-technical violation, making the 90-day sentencing cap in R.C. 2929.15(B)(1)(c)(i) inapplicable for fifth degree felonies. *Blake*, at ¶ 10 and

11, citing *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672,

¶ 16-18, *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219.  We

applied this reasoning in assessing to Blake's violation:

> "[A]ppellant was discharged from the CBCF; she did not
> voluntarily sign herself out. Nevertheless, the end result is the same
> - appellant failed to complete the STAR program, which constitutes
> a violation of community control. Therefore, consistent
> with *Cozzone, Davis, and Mannah,* we conclude that the
> requirement for appellant to complete a CBCF is a special
> condition of community control and, thus, a non-technical
> violation." *Blake* at ¶ 11.

{¶26}  Because Blake's violation was not a technical violation, the 90-day

sentence cap in R.C. 2929.15(B)(1)(c)(i) did not apply so we affirmed the trial

court's 24-month sentence. *Id*.

{¶27}  Here, we find that *Blake* is controlling of Appellant's appeal.[2]

Similar to *Blake*, after a community control violation, the trial court found that

Appellant was still amenable to continued community control sanctions, but the

court added the requirement that Appellant "shall enroll in and successfully

complete STAR and all recommended aftercare as directed by the Adult Parole

Authority."  But Appellant withdrew and consequently failed to successfully

complete the STAR program.  Under *Blake*, Appellant's failure to complete the

STAR program is a non-technical violation of his community control sanctions.

---

[2] R.C. 2929.15(B)(1)(c)(i), addressed in *Blake*, contains sentence caps for fifth degree felonies, while R.C. 2929.15(B)(1)(c)(ii), applicable to Appellant, contains sentence caps for fourth degree felonies, we find no reason why our definition of a non-technical violation in *Blake* would not apply to a fourth degree felony at issue in this case.

Therefore, R.C. 2929.15(B)(1)(c)(ii) did not cap Appellant's sentence at 180 days, which means the trial court's imposition of an 18-month sentence was not contrary to law. Accordingly, we overrule Appellant's first assignment or error.

### ASSIGNMENT OF ERROR NUMBER II

{¶28} In his second assignment of error, Appellant argues that the trial court's sentence is not clearly and convincingly supported by the record.

{¶29} In response, the State argues that there is clear and convincing evidence from the record that Appellant violated community control by failing to complete the Star program. "Clear and convincing evidence has been defined as '[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.' " *In re I.M.*, 4th Dist. Athens No. 10CA35, 2011-Ohio-560, ¶ 6, quoting *In re McCain,* 4th Dist. Vinton No. 06CA654, 2007-Ohio-1429, at ¶ 8.

{¶30} There is clear and convincing evidence that Appellant failed to successfully complete the Star Program, which was a condition of his community control. Therefore, we overrule Appellant's second assignment of error.

{¶31} Accordingly, because the trial court's sentencing of Appellant to 18 months in prison was not contrary to law and is supported by the record and by clear and convincing evidence, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED**.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**