[Cite as *State v. Fisher*, 2019-Ohio-2420.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

                                    :        Case No. 18CA27

    Plaintiff-Appellee,         :

                                    :

    vs.                         :        DECISION AND JUDGMENT
                                    :        ENTRY
BRYAN K. FISHER,                        :

                                    :

    Defendant-Appellant.        :        **Released:  06/11/19**
_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Craig M. Jaquith, Assistant Ohio State Public Defender, Columbus, Ohio, for Appellant.

Keller Blackburn, Athens County Prosecuting Attorney, and Robert P. Driscoll, Assistant Athens County Prosecuting Attorney, Athens, Ohio, for Appellee.
_____

McFarland, J.

{¶1} This is an appeal from an Athens County Court of Common Pleas judgment entry terminating Appellant's community control sanctions and imposing a prison term.

{¶2} On November 7, 2018, Appellant pleaded guilty to aggravated possession of drugs and possession of drugs, both fifth degree felonies.  The trial court imposed five years of community control sanctions with special

conditions that he enter and complete SEPTA[1], a community based correctional facility, and The Landing at Cedar Ridge (The Landing)[2], a residential treatment program.  Appellant failed to complete both, and the trial court revoked his community control sanctions and imposed a twenty-four month sentence for the underlying drug offenses.

{¶3} On appeal, Appellant asserts that the trial court erred because his sentence is contrary to R.C. 2929.15(B)(1)(c)(i).  Finding that the sentence cap in this provision does not apply because Appellant's violation of his community control sanctions was more than a technical violation, we affirm the trial court's judgment.

FACTS AND PROCEDURE

{¶4} The State charged Appellant with two fifth degree felonies: aggravated possession of drugs and possession of drugs, both in violation of R.C. 2925.11(A).  Appellant pleaded guilty to both charges.

{¶5} On December 12, 2017, the trial court sentenced Appellant to five years of community control sanctions, as well as the following conditions including, among others: (1) enter and successfully complete SEPTA, (2) submit to drug and alcohol assessments, (3) not possess or

---

[1] SEPTA is a community based correctional facility that provides chemical dependency services, among others.  https://drc.ohio.gov/septa
[2] The Landing at Cedar Ridge is residential treatment facility that "provide[s] 24 hour medically monitored long-term intensive treatment services for men and women suffering from substance abuse disorders." (https://www.crbhs.org/

consume alcohol, and (4) not take or possess drugs, except for as ordered by his physician.

{¶6} On February 8, 2018, the State filed a notice of violation of community control sanctions alleging that Appellant committed four violations, including a positive drug test and that he had been terminated from SEPTA. The State moved the trial court to impose the underlying term of incarceration.

{¶7} On March 12, 2018, Appellant filed a Motion for Furlough asking the court to allow him to be examined by a medical professional because of a leg problem.

{¶8} At a March 13, 2018 hearing, Appellant stipulated to violating the terms and conditions of his community control sanctions.

{¶9} On April 13, 2018, the trial court issued a judgment entry continuing Appellant's five-year community control sanctions, but added additional conditions, including that:

> "[D]efendant is ordered to enter and successfully complete
> The Landing FORTHWITH, and shall sign all requested
> releases and follow any aftercare recommendations. If the
> defendant leaves or is terminated from the Landing, he shall

be transported to the Southeastern Ohio Regional Jail by the

Athens County Sheriff's Office."

{¶10} On May 31, 2018, the State filed a notice of violation of community control sanctions and notice of hearing alleging that "[Appellant] was terminated unsuccessfully from The Landing."

{¶11} Then, on June 5, 2018, the trial court issued an entry granting Appellant a medical furlough to receive medical treatment at Riverside Methodist Hospital. The entry provided that he would only be released from Riverside directly into the custody of the Athens County Sheriff's office and be returned to the Southeastern Ohio Regional Jail immediately.

{¶12} The State filed a supplemental notice of violation of community control sanctions and notice of hearing on July 7, 2018, alleging that, in addition to Appellant's failure to complete The Landing, he was discharged from treatment from Riverside Methodist Hospital to a family member, as opposed to being released to a deputy and returned to jail as required, and that his whereabouts were unknown.

{¶13} The trial court held a hearing to review both alleged violations on August 8, 2018. The State moved the court to revoke Appellant's community control sanctions and impose the entire prison sentence. Appellant asked the court to continue his community control sanctions. The

trial court revoked his community control sanctions and imposed 12-month sentences for each of the two underlying drug offenses to be served consecutively for an aggregate 24-month sentence.

{¶14} Appellant has appealed that judgment to this court asserting a single assignment of error.

APPELLANT'S ASSIGNMENT OF ERROR

{¶15} Appellant's sole assignment of error contends "the trial court erred when it imposed a sentence upon Bryan Fisher that was contrary to R.C. 2929.15(B)(1)(c)(i), which imposes a 90 day sentence cap on fifth-degree-felony sentences imposed for violations of community control sanctions that are either technical violations or a non-felony criminal offenses."

{¶16} Appellant argues that his community control sanctions violation of failing to complete The Landing program was a mere technical violation, and that leaving the hospital and not returning to jail did not constitute a felony offense.  Consequently, he argues, the 90-day sentence cap in R.C. 2929.15(B)(1)(c)(i) applied, making the trial court's imposition of the 24-month sentence clearly and convincingly contrary to law.

{¶17} The State makes four different arguments in response to Appellant's assignment of error.

{¶18} First, the State argues that when Appellant failed to return to jail after his medical furlough, he committed a felony (escape), which would mean that the 90-day sentence cap in R.C. 2929.15(B)(1)(c)(i) would not apply because it only limits sentences imposing community control sanctions violations that are not felony offenses.

{¶19} Second, the State argues that the 90-day sentence cap in R.C. 2929.15(B)(1)(c)(i) applies only if the underlying offense is a *single* fifth degree felony offense.

{¶20} Third, the State argues that R.C. 2929.15(B)(1)(c)(i) sentencing provision conflicts with R.C. 2929.14(A)(5) and R.C. 2929.15(B)(3), and is therefore of no force and effect.

{¶21} Fourth, the State argues that Appellant's failure to successfully complete The Landing program was a not a technical violation, which means that the 90-day sentence cap in R.C. 2929.15(B)(1)(c)(i) would not apply because it only caps sentences for violations of community control sanctions that are technical violations.

ANALYSIS

{¶22} Initially, we note that the issue of whether Appellant's violation of his community control sanctions was a technical violation was never raised in the trial court.  The general rule is that an appellate court need not

consider an error that was raised in the trial court, absent plain error. *State v. Hill*, 92 Ohio St.3d 191, 196, 2001-Ohio-141, 749 N.E.2d 274. To find plain error, a reviewing court: (1) must find an error, (2) determine that the error is plain, and (3) must find the error affected the outcome of the case. *State v. Deckard*, 4th Dist. Gallia No. 16CA14, 2017-Ohio-8469, 100 N.E.3d 53, ¶ 24, citing *State v. Layne*, 4th Dist. Highland No. 11CA17, 2012-Ohio 1627, ¶ 8. "[N]otice of plain error under Crim.R. 52(B) is to be taken 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Id.,* quoting *Layne.*

{¶23} An appellate court may reverse a sentence only if it is clearly and convincingly not supported by the sentencing court's findings, or it is otherwise contrary to law. *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 20108-Ohio-4506, ¶ 10, *State v. Marcum*, 2016-Ohio-1002, 146 Ohio St.3d 516, 59 N.E.3d 1231, ¶ 23. "Clear and convincing evidence has been defined as '[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.' " *In re I.M.*, 4th Dist. Athens No. 10CA35, 2011-Ohio-560,

¶ 6, quoting *In re McCain,* 4th Dist. Vinton No. 06CA654, 2007-Ohio-1429,

at ¶ 8.

{¶24} The provision that caps certain sentences imposed for

community control sanctions violations is found in R.C. 2929.15(B)(1),

which provides:

> If the conditions of a community control sanction are
>
> violated * * *, the sentencing court may impose upon the
>
> violator one or more of the following penalties:
>
> * * *
>
> (c) A prison term on the offender pursuant to section 2929.14
>
> of the Revised Code and division (B)(3) of this section,
>
> provided that a prison term imposed under this division is
>
> subject to the following limitations, as applicable:
>
> (i) If the prison term is imposed for any technical violation of
>
> the conditions of a community control sanction imposed for a
>
> felony of the fifth degree or for any violation of law
>
> committed while under a community control sanction
>
> imposed for such a felony that consists of a new criminal
>
> offense and that is not a felony, the prison term shall not
>
> exceed ninety days.

**{¶25}** Accordingly, in a case involving a fifth degree felony, if a defendant commits a technical violation of community sanctions, the sentence imposed by the trial court for that violation cannot exceed 90 days. However, R.C. 2929.15 does not define "technical violation."

**{¶26}** The Supreme Court of Ohio defined " 'technical violations' [of parole] as 'those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.' " *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), quoting *Inmates' Councilmatic Voice, supra,* 541 F.2d at 635, fn. 2. This court adopted *Taylor*'s definition of a technical violation in the context of community control sanctions, holding that "a technical violation of community control for purposes of R.C. 2929.15(B) is a violation that is not criminal in nature." *State v. Abner*, 4th Dist. Adams Nos. 18CA1061, 18CA1062, 2018-Ohio-4506, ¶ 13.

**{¶27}** However, in *State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio- 5413, ¶ 11, we recognized a slight narrowing of the definition of a technical violation adopted in *Abner*, holding that the violation of a special condition imposed as part of a community control sanction, even though not

criminal in nature, was more than mere technical violation under R.C.

2929.15(B)(1)(c)(i).

{¶28} In *Blake*, the defendant entered guilty pleas to possession and

trafficking in drugs, both fifth degree felonies. *Blake* at ¶ 3. The court

granted the defendant intervention in lieu of conviction and placed the

defendant under the supervision of Adult Parole Authority for three years,

which included certain terms and conditions that included having no contact

with felons, and abstaining from using or possessing illegal drugs or alcohol.

*Id*.

{¶29} Blake violated her community control by associating with

criminals and drinking alcohol. *Blake*, ¶ 4. The trial court revoked her

treatment in lieu of conviction and sentenced her to 24 months, but

suspended the prison term and placed her on community control sanctions

for five years with certain conditions. *Id*.

{¶30} Blake admitted to a second violation of her community control

sanctions for using non-prescribed opiates (Percocet). *Blake*, ¶ 5. The trial

court continued the community control sanctions and imposed certain

conditions, including that she "enter the STAR Program and Aftercare

Program, successfully complete said programs and follow through with the

recommendations made.  Successful completion of said programs will result in termination of probation."  *Id.*

{¶31} The State again alleged that Blake violated her community control sanctions and asked that her supervision be revoked. *Blake*, ¶ 6.  The State alleged that Blake " 'knowingly caused STAR staff members to believe that [she] would cause serious physical harm to them or their family members' " and [she] failed to complete the STAR program, when * * * [she] was unsuccessfully terminated from the STAR program." *Id.*  The trial court revoked Blake's community control sanctions and imposed a 24-month sentence. *Id.*

{¶32} Blake appealed asserting that the trial court's 24-month prison sentence was clearly and convincingly contrary to law because it exceeded the 90-day sentence cap for technical violations of community control sanctions pursuant to R.C. 2929.15(B)(1)(c)(i). *Blake* at ¶ 8.

{¶33} *Blake* reaffirmed that technical violations of community control sanctions are violations that are not criminal in nature. *Id.* at ¶ 8, 9. However, *Blake* also adopted the rationale from the Fifth and Twelfth District Courts of Appeals that community based correctional facility treatment was a rehabilitative requirement imposed as a special condition of community control sanctions, and even though such a violation was not

criminal in nature, it was nevertheless a non-technical violation, making the

90-day sentencing cap in R.C. 2929.15(B)(1)(c)(i) inapplicable for fifth

degree felonies. *Blake*, at ¶ 10 and 11, citing *State v. Davis*, 12th Dist.

Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 16-18, *State v. Mannah*,

5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, *see also State v.*

*Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 33 (condition

requiring Calhoun to transfer community control sanctions to West Virginia

was not a technical violation), *State v. Nelson*, 2nd Dist. Campaign No.

2018-CA-5, 2018-Ohio-4763, ¶ 32 (no contact order was not a technical

violation).  Such an interpretation is consistent with "[t]he [General

Assembly's] choice of the term 'technical[,]' [which] implies it has meaning

distinct from 'non-criminal' violations." *Mannah* at ¶ 14.

> **{¶34}** We applied this reasoning in assessing Blake's violation:
>
> "[A]ppellant was discharged from the CBCF; she did not
>
> voluntarily sign herself out. Nevertheless, the end result is
>
> the same - appellant failed to complete the STAR program,
>
> which constitutes a violation of community control.
>
> Therefore, consistent with *Cozzone, Davis, and Mannah,* we
>
> conclude that the requirement for appellant to complete a

CBCF is a special condition of community control and, thus,

a non-technical violation." *Blake* at ¶ 11.

{¶35} Because Blake's violation was not a technical violation, the 90-day sentence cap in R.C. 2929.15(B)(1)(c)(i) did not apply, and we affirmed the trial court's 24-month sentence. *Id.*

{¶36} We find that *Blake* is controlling of Appellant's appeal. Appellant has two underlying drug offenses. One of his conditions of community control sanctions was to enter and complete SEPTA, which treats substance abuse. He was terminated from SEPTA for drug use, and then ordered to enter and complete The Landing, which also treats substance abuse, but he was terminated from that program as well. Under *Blake*, Appellant's failure to complete SEPTA and The Landing were more than technical violations of his community control sanctions, they were violations of a substantive rehabilitation requirement imposed by the trial court as a condition of Appellant's community control sanctions, i.e. drug treatment. Therefore, under Blake, R.C. 2929.15(B)(1)(c)(ii) did not cap Appellant's sentence at 90 days, which means the trial court's imposition of a 24-month sentence was clearly and convincingly not contrary to law. As a result, the trial court committed no error, let alone an error that affected Appellant's substantial rights so as to create a manifest miscarriage of justice.

{¶37} Accordingly, we overrule Appellant's assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
        Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**