[Cite as *State v. Burns*, 2020-Ohio-519.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio

    Appellee

v.

Brian A. Burns

    Appellant

Court of Appeals Nos. F-19-004
                     F-19-005

Trial Court Nos. 16CR140
                 16CR65

**DECISION AND JUDGMENT**

Decided:  February 14, 2020

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Clayton M. Gerbitz, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a consolidated appeal from an April 10, 2019 judgment of the Fulton County Court of Common Pleas, imposing a previously reserved term of incarceration of 36 months against appellant as a consequence of appellant's community control violation.

{¶ 2} Appellant purchased and consumed methamphetamines on multiple occasions while on community control and participating in Fulton County's drug court treatment program. Appellant had successfully requested placement in the drug court treatment program in lieu of incarceration. It was later discovered that appellant had been using unlawful drugs that he was aware were not covered by the drug screening tests that appellant was subject to during his participation in the drug court program. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Brian Burns, sets forth the following assignment of error:

I. THE TRIAL COURT'S SENTENCE OF 36 MONTHS IS CONTRARY TO LAW BECAUSE IT EXCEEDS THE 180-DAY LIMIT SET FORTH IN R.C.2929.15(B).

{¶ 4} The following undisputed facts are relevant to this appeal. On April 18, 2016, appellant was indicted on 13 felony offenses, including 11 counts of forgery, in violation of R.C. 2913.31, felonies of the fifth degree, and two counts of theft, in violation of R.C. 2913.02, felonies of the fifth degree.

{¶ 5} On July 20, 2016, pursuant to a negotiated plea agreement, appellant pled guilty to the two theft offenses and three of the forgery offenses. In exchange, the remaining eight felony forgery offenses were dismissed. A presentence investigation was ordered. Appellant was released pending sentencing on a personal recognizance bond.

{¶ 6} On September 16, 2016, appellant failed to appear at sentencing in violation of appellant's personal recognizance bond. Accordingly, appellant was indicted on an

2.

additional count of failure to appear on a personal recognizance bond, in violation of R.C. 2937.29, a felony of the fourth degree.

{¶ 7} On March 10, 2017, appellant pled guilty to the failure to appear offense and requested that the trial court place him into the Fulton County drug court treatment program in lieu of incarceration. The trial court granted appellant's request, placed appellant into the drug court treatment program, and ordered a presentence investigation.

{¶ 8} On April 14, 2017, appellant was sentenced to a three-year period of community control conditioned upon the successful completion of the drug court treatment program. In addition, the trial court reserved a 36-month total term of incarceration against appellant encompassing the above-described felony convictions.

{¶ 9} On February 13, 2018, a motion to revoke community control was filed against appellant following the discovery that appellant had been consuming methamphetamines while on community control and participating in the drug court program. Electronic information recovered from appellant's mobile phone revealed the ongoing drug usage. Appellant conceded to the unlawful activity.

{¶ 10} On March 7, 2019, appellant was unsuccessfully terminated from the drug court treatment program given the above-described conduct. In addition, a motion to revoke appellant's community control was simultaneously filed.

{¶ 11} On April 10, 2019, the trial court conducted an evidentiary hearing on appellee's motion to revoke appellant's community control. Faced with incontrovertible evidence against him, appellant admitted to acquiring and using methamphetamines via a

3.

dark web internet supplier while on community control and participating in the drug court treatment program.

{¶ 12} The trial court directly inquired of appellant whether or not appellant had been taking the unlawful drugs. Appellant replied, "Yes." The trial court next inquired of appellant whether or not appellant had been utilizing the drugs frequently. Again, appellant replied, "Yes."

{¶ 13} The trial court next read into the record compelling content recovered from an electronic conversation between appellant and appellant's supplier. In the conversation, appellant was asked by his drug dealer the quantity of drugs that he desired in his current purchase. Appellant replied, "*Probably three. Are they better than the last ones because those were epic * * * I'm excited as fuck to try them.*" (Emphasis added).

{¶ 14} Faced with these facts and circumstances, the trial court held in pertinent part, "*[Y]ou were thinking about Brian Burns getting high on drugs we couldn't test for, and you knew it. Something you had to purchase from the dark web to get * * * Were it not for drug court, you would have been in prison. Your prior record just says send * * * So I'm going to impose the reserved term.*" (Emphasis added). This appeal ensued.

{¶ 15} In the sole assignment of error, appellant contends that the community control violation sentence was unlawful. We do not concur.

{¶ 16} The propriety of appellant's position is contingent upon the subject violation constituting a technical community control violation pursuant to R.C.

4.

2929.15(B). The potential incarceration on such violations are statutorily capped at a maximum of 180 days.

{¶ 17} Appellant asserts on appeal that, "Appellant's failure to complete drug court successfully is certainly a noncriminal violation and arguably a technical one." The record of evidence, considered in conjunction with applicable case law precedent, clearly refutes appellant's position.

{¶ 18} Appellant's misconduct triggering this matter was the repeat acquisition of, and consumption of, unlawful methamphetamines from the dark web while appellant was on community control and also a phase three drug court participant. To cast this conduct as a technical community control violation fails to fully acknowledge the context of these events, and the scope of the misconduct.

{¶ 19} Ohio case law directly considering arguments analogous to those presented by appellant in the instant case consistently finds that the sentencing caps established by R.C. 2929.15(B) do not apply to community control violations that are criminal in nature. Stated differently, if the underlying conduct triggering the violation reflect criminal conduct, rather than a mere administrative or procedural misstep, the trial court is not constrained by R.C. 2929.15(B) in crafting a sentence. The 180-day sentencing cap is limited to those violations not rooted in criminal conduct. *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 38 (11th Dist.).

5.

{¶ 20} In the highly illustrative case of *State v. Abner*, 4th Dist. Adams Nos.

{¶ 21} 18-CA-1061/1062, 2018-Ohio-4506, 122 N.E.3d 582, the appellant maintained that her use of heroin while on community control could not be construed as anything more than an R.C. 2929.15 technical violation for sentencing purposes because she was not separately charged or convicted in connection to the heroin. This position was flatly rejected by the court.

{¶ 22} The court held in relevant part, "Although Abner was not charged or convicted for felony possession of heroin, her admitted use of heroin constituted a crime rather than a mere technical violation of community control * * * [T]he knowing possession or use of heroin is per se criminal in Ohio and it constitutes a felony offense." *Abner* at ¶ 15.

{¶ 23} Likewise, in the instant case, appellant's acquisition of, and consumption of, methamphetamine is criminal in Ohio. R.C. 2925.11. As such, the conduct was more than a technical violation of community control for sentencing purposes. The R.C. 2929.15 180-day sentencing cap does not apply to the subject community control violation sentence.

{¶ 24} We find that the record reflects that the trial court properly determined that appellant's community control violation was more than a mere technical violation. As such, the trial court sentence exceeding the R.C. 2929.15 sentencing cap, applicable solely to technical violations, was not improper.

6.

{¶ 25} On consideration whereof, appellant's assignment of error is found not well-taken. The judgment of the Fulton County Court of Common Pleas is hereby affirmed. Appellant is to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                _____
                                                        JUDGE

Thomas J. Osowik, J.

                                               _____

Christine E. Mayle, J.                                              JUDGE
CONCUR.

                                               _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.