[Cite as *State v. Castner*, 2019-Ohio-2979.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No.  2018 CA 0127 |
| DAVID CASTNER, II | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No.  2018 CR 0056


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     July 22, 2019


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

GARY BISHOP                     DARIN AVERY
PROSECUTING ATTORNEY            105 Sturges Avenue
JOSEPH C. SNYDER                Mansfield, Ohio  44903
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, John, J.*

{¶1}   Appellant David Castner appeals the November 5, 2018, decision of the Richland County Court of Common Pleas terminating his community control and sentencing him to twelve months in prison.

{¶2}   Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   On January 25, 2018, Appellant David Castner was indicted on one count of aggravated possession of drugs, in violation of R.C. §2925.11, a fifth degree felony. Appellant pled guilty to the charges.

{¶5}   On May 8, 2018, Appellant entered a plea of guilty.

{¶6}   On June 18, 2018, the trial court sentenced Appellant to two years of community control. The court ordered the defendant to complete "Re-Entry Court" and "V.O.A." as conditions of his community control.

{¶7}   On July 9, 2018, V.O.A. terminated Appellant from its program due to his mental health problems. As a result of his failure to complete the program, a probation violation was filed.

{¶8}   On August 15, 2018, the trial court held a hearing on the probation violation. At the hearing Appellant admitted to violating his terms of community control by not completing the V.O.A. program. The trial court continued the defendant on community control and added the condition that he complete a program at the Alvis House.

**{¶9}** On September 19, 2018, a probation violation was filed alleging that Appellant did not complete the Alvis House program, and that he was unsuccessfully terminated from Re-Entry Court.

**{¶10}** On October 22, 2018, at the probation violation hearing, evidence was presented that Appellant was terminated from the Alvis House program after he had contact with a child when he has a history of sexually assaulting juveniles. (T. at 5). Appellant posted pictures of himself online while in the Alvis House program in an attempt to get girls to contact him. (T. at 17). Appellant admitted to Alvis House staff that he had been in contact with a ten-year-old girl. *Id.* He also set up a "Hello Kitty" email account to help him target underage girls. *Id.*

**{¶11}** Appellant entered an admission to violating this new term by not completing the program at Alvis House. He also admitted that he did not complete Re-Entry Court, from which the court had terminated him due to his failure at Alvis House. (T. at 8-9).

**{¶12}** By Judgment Entry filed November 5, 2018, the trial court terminated Appellant's community control and sentenced him to twelve (12) months in prison.

**{¶13}** Appellant now appeals, assigning the following for review.

## ASSIGNMENT OF ERROR

**{¶14}** "I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO TWELVE MONTHS IN PRISON FOR A TECHNICAL VIOLATION OF HIS TERMS OF COMMUNITY CONTROL, IN VIOLATION OF R.C. 2929.15(B)(1)(c)(i).

### I.

**{¶15}** In his sole assignment of error, Appellant argues the trial court erred in imposing sentence

**{¶16}** R.C. §2929.15(B)(1)(c)(i) provides:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

\*\*\*

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

\*\*\*

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

**{¶17}** Appellant argues the violation, failing to complete a treatment program, was a technical violation because the violation did not constitute a crime or other violation of the law.

**{¶18}** The Supreme Court of Ohio has defined " 'technical violations' [of parole] as 'those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known

criminals, leaving employment, leaving the State, etc.' " *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), quoting *Inmates' Councilmatic Voice v. Rogers*, 541 F.2d 633,635, fn. 2 (6th Dist. 1976).

**{¶19}** This Court has previously considered the meaning of "technical violation" pursuant to R.C. §2929.15(B)(1)(c)(i),

> The Eleventh Appellate District addressed R.C. 2929.15(B) in a case where the defendant overdosed on heroin in violation of the terms of her community control. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249 [__ N.E.3d __]. The defendant argued her community control violation was technical in nature, and therefore, the maximum prison term which could be imposed for the violation was 180 days. The appellate court observed the term "technical violation" was not defined in R.C. 2929.15; however, other appellate districts had addressed "technical violations" as they pertained to revocation of community control sanctions and parole violations in cases predating the statutory amendment. *Id.* at ¶ 38, *citing State v. Cearfoss*, 5th Dist. Stark No. 2004CA00085, 2004-Ohio-7310 [2004 WL 3563911] (defendant's failure to follow his probation officer's order to open the front door was a "technical violation"); *State v. Jenkins*, 2d Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639 [2006 WL 1461119] (defendant's failure to notify his parole officer before moving out of his residence where a convicted felon resided was "at best a 'technical' violation"); and *Amburgey v. Ohio Adult Parole Auth.*, 12th Dist. Madison No. CA2001-07-016, 2001 WL 1256365, * * * ("technical" violations, in the

context of parole, are those violations of the terms and conditions of the parole agreement which are not criminal in nature, such as failure to report to the parole officer, association with known criminals, leaving employment, and leaving the state). The *Cozzone* court concluded overdosing on drugs was criminal in nature and therefore could not be considered a "technical violation" of community control. *Cozzone, supra*, at ¶ 39.

**{¶20}** *State v. Mannah,* 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶9. *See also, State v. Wolfe*, 5th Dist. Licking No. 18-CA-60, 2019-Ohio-2294.

**{¶21}** In accordance with our decision in *State v. Mannah*, we find that Appellant's failure to complete the Alvis House treatment program, which was ordered as a condition of his community control, was not a technical violation. As such, we find that the trial court did not err in imposing a twelve-month prison sentence in this matter.

**{¶22}** Based on the foregoing, we find Appellant's assignment of error not well-taken and hereby overrule same.

**{¶23}** Accordingly the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.

By: Wise, John, J.
Gwin, P. J., and
Wise, Earle, J., concur.

JWW/d 0711