[Cite as *State v. Elsesser*, 2020-Ohio-759.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019 AP 09-0036 |
| KEITH ELSESSER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
                             County Court of Common Pleas, Case No.
                             2017CR040102

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 2, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DANIEL KASARIS                        DAN GUINN
Senior Assistant Attorney General     Guinn Law Firm, LLC
615 West Superior Avenue              P.O. Box 804
11th Floor                            New Philadelphia, OH 44663
Cleveland, OH 44113

STEPHANIE ANDERSON
Special Prosecuting Attorney
615 West Superior Avenue
11th Floor
Cleveland, OH 44113

*Gwin, J.*

{¶1} Defendant-appellant Keith Elsesser ["Elsesser"] appeals from the imposition of sentence after a finding in the Tuscarawas Court of Common Pleas that he violated the terms of his Community Control.

*Facts and Procedural History*

{¶2} On April 28, 2017, Elsesser was indicted for his involvement in defrauding investors out of approximately $91,000. Elsesser was charged with 9 counts of Unlawful Securities Practices, in violation of R.C. 1707.44, felonies of the third degree; 20 counts of Unlawful Securities Practices, in violation of R.C. 1707.44, felonies of the fourth degree; and, 2 counts of Grand Theft, in violation of R.C. 2913.02, felonies of the fourth degree.

{¶3} On January 26, 2018, Elsesser entered a negotiated plea of guilty to 4 counts of Unlawful Securities Practices, in violation of R.C. 1707.44, felonies of the fourth degree, and 2 counts of Grand Theft, in violation of R.C. 2913.02, also felonies of the fourth degree. The trial court sentenced Elsesser to five years of community control sanctions. Among other terms and conditions of his sentence, Elsesser was required to repay restitution in the amount of $91,061.00 to two victims, refrain from drug abuse, maintain verifiable employment, and refrain from committing future offenses. *Judgment Entry of Sentencing,* filed Mar 14, 2018 (Docket Entry No. 88). The trial court further advised Elsesser that, should he violated the terms of his Community Control,

> The Court will impose a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction for the offense contained in Count One, One Count Unlawful

Securities Practices, contrary to and in violation of R.C. 1707.44, a felony of the fourth degree; a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction for the offense contained in Count Twelve, One Count Unlawful Securities Practices, contrary to and in violation of R.C. 1707.44, a felony of the fourth degree; a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction for the offense contained in Count Sixteen, One Count Unlawful Securities Practices, contrary to and in violation of R.C. 1707.44, a felony of the fourth degree; a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction for the offense contained in Count Twenty-seven, One Count Grand Theft, contrary to and in violation of R.C. 2913.02, a felony of the fourth degree; a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction for the offense contained in Count Twenty-eight, One Count Grand Theft, contrary to and in violation of R.C. 2913.02, a felony of the fourth degree; and a twelve (12) month sentence in the appropriate State Penal Institution of the Ohio Department of Rehabilitation and Correction for the offense contained in Count Thirty-three, One Count Unlawful Securities Practices, contrary to and in violation of R.C. 1707.44, a felony of the fourth degree, if the Community Control Sanctions imposed above are violated. The sentences shall be served

consecutively, for an aggregate term of seventy-two (72) months state penal incarceration reserved for imposition.

The Defendant shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court FINDS that the consecutive service is necessary to protect the public from future crime or to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public, and the Court FINDS that consecutive terms are necessary, as at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

*Judgment Entry of Sentencing,* filed Mar 14, 2018 at 4-5 (Docket Entry No. 88).

{¶4} On July 30, 2019, a Motion to Revoke Elsesser's Community Control was filed alleging that he attempted to take property from a Walmart and that he failed to pay his City of New Philadelphia income taxes.

{¶5} A hearing on the revocation was held August 26, 2019. At the hearing, counsel for Elsesser informed the court that Elsesser had paid his income taxes after being charged for the violation. T. at 5. Elsesser stipulated to the two violations. T. at 1-3. At the conclusion of the hearing, the trial court revoked Elsesser's Community Control and imposed a sentence of 180 days per count, consecutive for an aggregate sentence of 3 years.

*Assignment of Error*

{¶6} Elsesser raises one assignment of error,

{¶7} "I. THE SENTENCE THE APPELLANT RECEIVED FOR HIS COMMUNITY CONTROL VIOLATIONS WAS NOT SUPPORTED BY THE RECORD AND SHOULD BE MODIFIED ACCORDINGLY."

*Law and Analysis*

{¶8} In his sole Assignment of Error, Elsesser argues, "he committed two minor offenses which were unrelated to what he was initially found guilty. Thus, the Appellant argues that his sentence for his community control violation was not supported by the record and should be modified accordingly." [Appellant's Brief at 10].

**STANDARD OF APPELLATE REVIEW.**

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22*; State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31.

{¶10} In *State v. Gwynne,* a plurality of the Supreme Court of Ohio held that an appellate court may only review *individual felony sentences* under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of *consecutive felony sentences.* ___ Ohio St.3d ___, 2019-Ohio-4761, ¶16-18; *State v. Anthony,* 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶60.

{¶11} R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise

contrary to law.  *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28; *State v. Gwynne,* ¶16.

{¶12}  Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus.  *See* also, *In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985).  "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."  *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

**ISSUE FOR APPEAL.**

*Whether the trial court properly imposed the sentence in Elsesser's case.*

{¶13}  R.C. 2929.15(B)(1)(c)(i) provides:

(B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the

fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii) If the prison term is imposed for any *technical violation* of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, *the prison term shall not exceed one hundred eighty days.*

Emphasis added. The trial court made no specific finding concerning whether the court considered Elsesser's violations to be "technical" or "non-technical" either at the hearing or in the subsequent judgment entry.

{¶14} This Court has previously considered the meaning of "technical violation" pursuant to R.C. 2929.15(B)(1)(c)(i),

The Eleventh Appellate District addressed R.C. 2929.15(B) in a case where the defendant overdosed on heroin in violation of the terms of her community control. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249 [—— N.E.3d ——]. The defendant argued her community control violation was technical in nature, and therefore, the maximum prison term which could be imposed for the violation was 180 days. The appellate court observed the term "technical violation" was not defined in R.C.

2929.15; however, other appellate districts had addressed "technical violations" as they pertained to revocation of community control sanctions and parole violations in cases predating the statutory amendment. Id. at ¶ 38, *citing State v. Cearfoss*, 5th Dist. Stark No. 2004CA00085, 2004-Ohio-7310 [2004 WL 3563911] (defendant's failure to follow his probation officer's order to open the front door was a "technical violation"); *State v. Jenkins*, 2d Dist. Champaign No. 2005-CA-22, 2006-Ohio-2639 [2006 WL 1461119] (defendant's failure to notify his parole officer before moving out of his residence where a convicted felon resided was "at best a 'technical' violation"); and *Amburgey v. Ohio Adult Parole Auth.*, 12th Dist. Madison No. CA2001-07-016, 2001 WL 1256365, * * * ("technical" violations, in the context of parole, are those violations of the terms and conditions of the parole agreement which are not criminal in nature, such as failure to report to the parole officer, association with known criminals, leaving employment, and leaving the state). The *Cozzone* court concluded overdosing on drugs was criminal in nature and therefore could not be considered a "technical violation" of community control. *Cozzone,* supra, at ¶ 39.

*State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 9; *See also*, *State v. Wolfe,* 5th Dist. Licking No. 18-CA-60, 2019-Ohio-2294.

{¶15} We note that, specifically, the court in *Cozzone* concluded, "[a]lthough appellant was not charged or convicted for this conduct, overdosing on drugs is criminal in nature and cannot be considered a "technical" violation of the terms and conditions of community control." Cozzone, ¶ 39. *See, State v. Nelson*, 2nd Dist. Champaign No.

2018-CA-5, 2018-Ohio-4763, ¶28; *State v. Wolfe,* 5th Dist. Licking No. 18-CA-60, 2019-Ohio-2294, ¶12.

{¶16} The Supreme Court of Ohio has defined " 'technical violations' [of parole] as 'those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc.' " *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 66 Ohio St.3d 121, 124, 609 N.E.2d 546 (1993), *quoting Inmates' Councilmatic Voice v. Rogers,* 541 F.2d 633,635, fn. 2 (6th Dist. 1976). *See, also, State v. Wolfe,* 5th Dist. Licking No. 18-CA-60, 2019-Ohio-2294, ¶ 13.

{¶17} In the case at bar, Elsesser admitted to attempting to shoplift from Walmart. Although Elsesser was not charged or convicted for this conduct, attempted theft is a criminal offense. Therefore, it could not be considered a "technical violation" of community control. *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, 114 N.E.3d 601, ¶9; State *v. Wolfe,* 5th Dist. Licking No. 18-CA-60, 2019-Ohio-2294, ¶ 14.

{¶18} Under R.C. 2929.14(C) (4), in order to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses

were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶19} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the imposition of consecutive sentences is contrary to law. *See* Id. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." Id. The plurality of the Ohio Supreme Court in *State v. Gwynne*, ___ Ohio St.3d ___, 2019-Ohio-4761 held that appellate courts cannot review consecutive sentences for compliance with R.C. 2929.11 and R.C. 2929.12. *See* 2019-Ohio- 4761, ¶18.

{¶20} Elsesser does not argue that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) at the original sentencing hearing. In the original sentencing entry, the trial court ordered, if imposed, the sentences were to be served consecutively. *Judgment Entry of Sentencing,* filed Mar 14, 2018 at 4-5 (Docket Entry No. 88). The trial court made the requisite findings in the entry, and Elsesser has not provided this court with a transcript of his original sentencing hearing. In the absence of a transcript, we must presume regularity in those proceedings and affirm. *Knapp v. Edwards*

*Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). *See also, State v. Mannah,* 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶20.

{¶21} Elsesser's sole Assignment of Error is overruled.

{¶22} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.


By Gwin, J.,

Hoffman, P.J., and

Wise, Earle, J., concur